Ronald BRAGG, et al., Appellant,

v.

**MISSOURI PACIFIC RAILROAD, et al., Respondent.**

No. 54119.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 13, 1988.

Shaw, Howlett & Schwartz, Charles M. Shaw, St. Louis, for appellants.

Shepherd, Sandberg & Phoenix, P.C., Theodore J. Williams, Jr., Ronald L. Vance, St. Louis, for respondents.

KAROHL, Judge.

Ronald Bragg, husband of Twana Marie Bragg, attempts an appeal from an order of the trial court which approved a settlement of $195,000 for the wrongful death of Twana Marie Bragg. Plaintiffs were appellant-husband, Rebecca Hampsten, mother, and Roger Barton, father. Plaintiffs are members of class one under Section 537.080(1) A.L.1979 [RSMo 1986]. Only husband appeals.

On September 29, 1984, an Amtrak train struck the car Marie was driving at a crossing with tracks of defendant Missouri Pacific Railroad. At the time of her death she was seventeen years old and her husband, of six months, was eighteen years old. Her parents were divorced when she was eighteen months old. For approximately the first two years after the divorce, Marie's father was in the military service and unavailable. After his return he saw Marie every other month until she was nine years of age. He did not visit with his daughter between the time she was nine and fifteen years old. He was not faithful to a child support obligation.

Prior to her marriage, Marie lived with her mother except between December, 1983 and February, 1984 when she lived with her husband and his parents.

The partial judgment entered by the trial court from which husband has attempted to appeal is as follows:

THEREFORE, IT IS HEREBY ORDERED that Defendants, National Railroad Passenger Corporation and Missouri Pacific Railroad Company's Motion to Enforce Settlement and the similar motion filed on behalf of Roger Barton are granted and that judgment is entered in favor of Plaintiffs, Ronald Bragg, Rebecca Hampsten, and Roger Barton, and against National Railroad Passenger Corporation and Missouri Pacific Railroad Company in the amount of $195,000 plus court costs. *The distribution of said settlement amount,* after deduction for attorney's fees and expenses, *will await further Order of the Court.* (Our emphasis)

Obviously, the court did not consider the judgment to be a final judgment. It recites that further orders are anticipated. It does not purport to comply with the requirements of Sections 537.095.3 or 537.095.4 A.L. 1979 [RSMo 1986] which requires judgment in a wrongful death suit to include: (1) a determination of total damages or total settlement approved; and, (2) apportionment of damages among those persons entitled thereto as determined by the court.

■ Initially, we consider sua sponte whether this court has jurisdiction to consider the appeal. In this case, the court has not made a distribution of the total settlement. The order is not, by its terms a final judgment. Consequently, the appeal must be dismissed. Section 512.020 RSMo 1986 permits an appeal only from a final judgment. Nor did the court designate that part of the order which was entered as final for purposes of appeal. Moreover, such order would have been without effect, if entered, since the court cannot make a judgment final which is not, in fact, final. *State ex rel. State Highway Commission v. Armacost Motors Inc.,* 502

S.W.2d 330, 332 (Mo.1973). The circumstances of this attempted appeal do not involve separable claims. Each of the plaintiffs will be entitled to such portion, if any, of the settlement sum as determined by the trial court. Each has the potential of recovering part or all of the settlement sum.

Further, until there has been a determination by the trial court of a distribution it is not clear whether any or all of the plaintiffs are aggrieved parties with standing to appeal under Section 512.020 RSMo 1986.

Appellant husband's standing as an aggrieved party is complicated by the further fact that he initially agreed to the settlement sum of $195,000. Only father objected to the settlement. However, father and defendant railroad, by motion, requested the court to approve the settlement. Apparently, appellant husband had a change of mind on the basis that he would or may be dissatisfied with the future decision of the court in determining the manner of division or distribution of the settlement under Section 537.095.2 A.L. 1979 [RSMo 1986]. The court has not yet made that decision. Appellant husband may or may not be an aggrieved party when the judgment is completed.

Finally, Section 537.095.1 A.L. 1979 [RSMo 1986] authorizes the court to approve a settlement on the petition of "one or more" of the persons entitled to recover damages. In the present case, Roger Barton, father, requested the court to approve the settlement. The defendant also filed a motion to enforce the settlement. The court approved the settlement. It is not clear that appellant Ronald Bragg, as husband, can claim error in the order approving the settlement requested by plaintiff Roger Barton and defendant railroad.

Because the order of the trial court approving the settlement is not a final judgment we dismiss the appeal.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.