Joe CORN and Betty Corn,
Plaintiffs–Respondents,

v.

Gary HOLLOWAY and Kay Holloway,
Defendants–Appellants.

No. 17087.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 26, 1991.

John Alpers, Jr., Cabool, for defendants-appellants.

R. Jack Garrett, Garrett & Ray, West Plains, for plaintiffs-respondents.

**320**

PER CURIAM.

Plaintiffs Joe Corn and Betty Corn filed their Petition in Ejectment in the trial court directed against Gary Holloway and Kay Holloway as defendants. The petition sought an order ejecting defendants from a certain strip of real estate 30 feet wide and 293 feet long that plaintiffs alleged defendants were unlawfully withholding. Plaintiffs also sought money damages from defendants. Defendants filed their answer to the petition, together with a counterclaim. In their counterclaim, defendants claimed, by means of adverse possession, "a non-exclusive easement right of way" over a 30 feet wide, 313 feet long strip of real estate for ingress and egress to other property defendants owned. Defendants sought a determination that they "hold and possess an easement appurtenant to the property owned by them ... for the use and maintenance of a passway or roadway on and upon that strip of land 30 feet wide and 313 feet long, running the full width along the north edge of Defendants [sic] property, and for egress and ingress to and from the property owned by Defendants...." Defendants also sought an injunction prohibiting plaintiffs "from obstructing, and impeding, and otherwise blocking said roadway or otherwise rendering said easement inaccessible or unusable."

Trial was held in the Circuit Court of Howell County. The case was tried to the court without a jury. The trial court's docket entry, made at the conclusion of the trial, states, "Court finds issues for plaintiffs except no damages. Defendants' counterclaim is denied. Findings of facts and conclusions of law are filed on this date." The transcript on appeal reflects the following statement made by the trial judge at the close of the trial: "The Court finds the issues for plaintiffs on the—as far as the disputed tract is concerned, but denies plaintiffs any damages for failure to prove it." The judge then inquired, apparently of plaintiffs' attorney, "You will be

drafting a decree accordingly?" The attorney responded that he would. The record on appeal, however, does not include a copy of a decree or a judgment.[1] Neither does it include a copy of the notice of appeal.

■ A trial court's minute entry, or docket entry, can suffice as a final judgment for purposes of appeal if it is complete enough to constitute a final determination of the rights of the parties. *Byrd v. Brown*, 641 S.W.2d 163, 165 (Mo.App.1982). *See also Byrd v. Brown*, 613 S.W.2d 695, 698–99 (Mo.App.1981), and cases cited therein under n. 3. In order for a docket entry to suffice as a final judgment, the trial court must have intended it to be the determination of the rights of the parties to the action, and it must show, in intelligible language, the relief granted. *Magee v. Mercantile–Commerce Bank & Trust Co.*, 339 Mo. 559, 561, 98 S.W.2d 614, 616 (1936). *See also Munn v. Garrett*, 666 S.W.2d 37, 39 (Mo.App.1984). "Where a docket entry fully and finally determines the rights of the parties and no further entry or document reflecting those determinations is contemplated, then the docket entry may be sufficient to support an appeal." *Orgill Bros. & Co., Inc. v. Rhodes*, 669 S.W.2d 302, 303 (Mo.App.1984).

■ The docket entry in this case was not intended to serve as the final judgment or decree nor did it show the granting of relief, fully, as to all issues. It did recite that findings of fact and conclusions of law were filed. Although findings of fact and conclusions of law, if they contain dispositive pronouncements by the court, may constitute a "judgment" for purposes of appeal—*see In re Marriage of Wilfong*, 658 S.W.2d 45, 46–47 (Mo.App.1983)—the "Findings of Fact and Conclusions of Law" that were filed by the trial court do not contain such pronouncements. There was no "order" or other provision that determined the respective rights of the parties regarding the pending causes of action.

---

1. Rule 81.12(a) states, with reference to the legal file component of a record on appeal:

. . . . .

The legal file shall *always* include, in chronological order: the pleadings upon which the

action was tried, the verdict, the findings of the court or jury, *the judgment or order appealed from*, motions and orders after judgment, and the notice of appeal,.... (Emphasis added.)

The records of the trial court, to the extent provided by appellant in the record on appeal, reveal that no judgment was entered by the trial court. There being no final judgment from which an appeal can be taken, this court is without jurisdiction to determine the issues the parties have presented. *Gothard v. Spradling*, 561 S.W.2d 448 (Mo.App.1978); *Coggburn v. Watts*, 540 S.W.2d 186 (Mo.App.1976). The appeal is dismissed.

All concur.