CONCEPTS COMMUNICATION
MANAGEMENT CORP., et
al., Plaintiffs/Appellants,

v.

NEWHARD COOK & CO., INC., et
al., Defendants/Respondents.

No. 60471.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 17, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 20, 1992.

Application to Transfer Denied
June 2, 1992.

Arthur G. Muegler, Jr., St. Louis, for plaintiffs/appellants.

Donald Bellon, pro se.

KAROHL, Judge.

Plaintiffs, James W. Grice, individually, James W. Grice as statutory trustee of Concepts Communication Management Corporation, and James W. Grice as statutory trustee of Old Colonial Fireworks Compa-ny, filed a seven count petition against eleven defendants—one corporation, six individuals, a partnership and three of its general partners. On March 7, 1991, the court entered default judgment on Count VI (fraudulent misrepresentation) in favor of Grice, individually, and against one defendant, Donald J. Bellon. Attorneys for Bellon, on May 6, 1991, filed an amended motion to set aside the default judgment. The court sustained Bellon's motion on June 25, 1991. The court in its order stated pursuant to "Rule 74.01(b) that there is no just reason for delay of appeal of this order."

Grice, individually, attempts to appeal from the trial court's order sustaining Bellon's amended motion to set aside default judgment. Specifically he raises three claims, all of which pertain to the order setting aside the default judgment, pursuant to Rule 74.05.

■ There is no judgment from which to appeal. Appeals must be taken from final judgments. Section 512.020 RSMo 1986; *Bragg v. Missouri Pacific Railroad,* 756 S.W.2d 666, 667 (Mo.App.1988). This is a jurisdictional prerequisite. Thus, when none of the parties question the finality of the judgment the court must raise the issue sua sponte. *Bay's Texaco Service & Supply Company, Inc. v. Mayfield,* 792 S.W.2d 50, 51 (Mo.App.1990).

■ A final, appealable judgment disposes of all issues and all parties in the case leaving nothing for future determination. *Fairfield Square Development Company v. Rogalski,* 767 S.W.2d 626 (Mo.App.1989). Rule 74.01(b) allows an "early" appeal when the trial court specifically designates as final a judgment which does not dispose of all parties and all issues. In *Eyberg v. Shah,* 773 S.W.2d 887, 895 (Mo.App.1989), the court found that a determination of finality for the purpose of Rule 74.01(b) means "it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* When designating as final for purposes of appeal orders which adjudicate fewer than all claims or dispose

**556**

of fewer than all the parties, the court must also expressly determine there is "no just reason for delay." Rule 74.01(b). This designation is ineffective unless it can be related to a judgment.

Here, there was no "ultimate disposition" of any individual claim, *Id.* at 895. The court's order did not dispose of Grice's individual claim of fraudulent misrepresentation against Bellon. Therefore it is not within the purview of Rule 74.01(b), there is nothing to certify as final for an early appeal.

Appeal dismissed.

SMITH, P.J., and AHRENS, J., concur.