**Jerry HAUGLAND and Susan Haugland, husband and wife, Plaintiffs–Appellants,**

v.

**Glenda L. PARSONS and Glenda L. Parsons, as Personal Representative of the Estate of Delmar L. Parsons, Defendants–Respondents.**

No. 60841.

Missouri Court of Appeals, Eastern District, Division Two.

April 14, 1992.

Donald Rhodes, Bloomfield, for plaintiffs-appellants.

Armstrong, Teasdale, Schlafly, Thomas L. Orris and Thomas P. Dvorak, St. Louis, for defendants-respondents.

CRANDALL, Judge.

Plaintiffs, Jerry Haugland and Susan Haugland, appeal from the trial court's grant of summary judgment in favor of defendants, Glenda Parsons and Glenda Parsons, as personal representative of the Estate of Delmar Parsons, deceased. We dismiss the appeal.

The record on appeal establishes that plaintiffs brought an action against defendants in which they alleged, in a three-count petition, that they had suffered damages as a result of defendants' breach of a contract to sell a parcel of land. Defendants counterclaimed, seeking damages for plaintiffs' trespass upon the land in question. Defendants then sought summary judgment on the basis that an oral contract for the sale of land did not satisfy the Statute of Frauds. The trial court granted summary judgment in favor of defendants. The record on appeal, however, does not indicate that the trial court ever considered or disposed of defendants' counterclaim in trespass.

Plaintiffs raise two points of error on appeal. Although neither party raises the issue of appellate jurisdiction, it is our duty to do so *sua sponte*. *Wilson v. Mercantile Bank of Springfield*, 791 S.W.2d 497, 500 (Mo.App.1990). The appellate court has jurisdiction only over final judgments. *Id.* A judgment, order, or decree of the trial court is final and appealable only when it disposes of all the issues for all parties in the case and leaves nothing for future determination. *Id.; Bay's Texaco Service and Supply Company, Inc. v. Mayfield*, 792 S.W.2d 50, 51 (Mo. App.1990). Rule 74.01(b) provides, however, that the trial court may designate as final a decree or order which does not dispose of all of the issues of a case if the trial court expressly finds that "there is no just reason for delay." If the trial court does not resolve all the issues or expressly designate the court's action as final under Rule 74.01(b), the appeal must be dismissed. *Bay's Texaco*, 792 S.W.2d at 51.

In the instant action, defendants' counterclaim in trespass remains pending. The trial court made no finding, express or otherwise, that there was no just reason to delay plaintiffs' appeal from the grant of summary judgment in defendants' favor. Thus, the trial court's order is not a final judgment and we are without jurisdiction to hear the appeal.

The appeal is dismissed.

KAROHL, P.J., and SATZ, J., concur.