**Phyllis O'NEILL, f/n/a Tysver, Petitioner–Appellant,**

v.

**John O'NEILL, Respondent–Respondent.**

No. 63482.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 12, 1993.

Phyllis Tysver, pro se.

Rothman, Sokol, Adler & Sarachan, P.C., S. Todd Hamby, St. Louis, for respondent-respondent.

CRANDALL, Presiding Judge.

Mother, Phyllis Tysver, formerly known as Phyllis O'Neill, filed a motion to enforce the decree of dissolution of her marriage to father, John O'Neill; a motion for contempt for father's failure to pay child support; and an application for writ of *Scire Facias* to revive the judgment. Mother appeals from the judgment of the trial court dismissing its Order to Show Cause Why Judgment Should Not Be Revived and its Order to Show Cause

**8**

relating to mother's motion for contempt. We dismiss the appeal.

The decree of dissolution of the marriage between father and mother was entered on August 5, 1974. The decree awarded mother primary custody of the parties' minor child born on October 15, 1972. The decree also provided that father pay child support in the amount of $20.00 per week.

On May 7, 1992, mother filed a "Motion to Enforce Decree of Dissolution of Marriage, Motion for Contempt Citation, and Application for a Writ of *Scire Facias* to Revive Judgment." In the motions, she alleged that father had not paid child support for the past ten years and was in arrears in the amount of $10,400.00, plus interest. On July 30, 1992, the court issued an "Order to Show Cause Why Judgment Should Not Be Revived" and an "Order to Show Cause" why father should not be held in contempt of court for his failure to comply with the decree of dissolution. Father filed a motion to dismiss, which alleged that the Order to Show Cause and the Motion for Contempt lacked the specificity necessary to confer subject matter jurisdiction upon the court. The court granted father's motion and dismissed both orders to show cause, the one relating to the contempt proceeding and the one relating to the action to revive the judgment. The court designated its order "final and appealable."

█ Before considering mother's allegations of error, we first address the threshold issue of whether this court has jurisdiction to consider the merits of this case. Father asserts that the judgment is not final and, therefore, not appealable. The appellate court has jurisdiction only over final judgments. *Haugland v. Parsons*, 827 S.W.2d 285, 286 (Mo.App.1992). A judgment, order, or decree of the trial court is final and appealable only when it disposes of all the issues for all parties in the case and leaves nothing for future determination. *Id.* Rule 74.01(b) provides that the trial court may designate as final a decree or order which does not dispose of all of the issues of a case if the trial court expressly finds that "there is no just reason for delay." If the trial court does not resolve all the issues or expressly designate the court's action as final in accordance with Rule 74.01(b), the appeal must be dismissed. *Haugland*, 827 S.W.2d at 286.

█ In the instant action, the trial court only dismissed the two orders to show cause; it did not rule on either of mother's motions or on her application for a writ to revive the judgment. Mother's motions to enforce the decree of dissolution and for contempt as well as her application for a writ of *Scire Facias* therefore remain pending. In addition, the court's declaration that the judgment dismissing the two orders to show cause was "final and appealable" was not within the purview of Rule 74.01(b), because it did not expressly find that there was "no just reason for delay." *See Concepts Communication Management Corp. v. Newhard Cook & Co. Inc.*, 829 S.W.2d 554, 556 (Mo. App.1992). Thus, the trial court's judgment is not a final judgment and we are without jurisdiction to hear the appeal.

The appeal is dismissed.

REINHARD and CRIST, JJ., concur.