**KINGSTON ELECTRIC, INC.,**
**Plaintiff/Respondent,**

v.

**WAL–MART PROPERTIES, INC.,**
**Defendant/Respondent/Appellant,**

v.

**MAX BARKEN CONSTRUCTION CO., INC., and L.M.B. Construction Co., Inc., Defendants/Appellants.**

No. 62642.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 28, 1993.

---

Stefan J. Glynias, Lisa Green, Evans & Dixon, Willard Dudley McCarter, Diane L. Sandza, Behr, Mantovani, McCarter & Cappiello, P.C., H. Clay Billingsley, Michael H. Izsak, Klutho, Cody, Kilo & Flynn, St. Louis, for appellants.

Kim Roger Luther, Katherine L. Butler, Kim Roger Luther, P.C., Francis G. Slay, Robert L. Devereux, Guilfoil, Petzall & Shoemake, St. Louis, for respondents.

SMITH, Judge.

Defendants, Wal–Mart Properties, Inc. (Wal–Mart) and Max Barken Construction Company, Inc. (Barken), appeal that part of a judgment in a court tried case granting Plaintiff, Kingston Electric Company, Inc. (Kingston), and Cross–Claimant, PPG Industries, Inc. (PPG), mechanics liens against Wal–Mart. For the following reasons, we find this Court lacks jurisdiction at the present time to hear and determine the issues presented in this appeal and we dismiss the appeal.

The facts relevant to our determination are as follows. Wal–Mart and Barken entered into a Construction Agreement under which Barken was to serve as the general contractor for construction of Wal–Mart Store # 1177 located at 2101 Barrett Station Road in St. Louis County. Barken, in turn, entered into two separate Subcontract Agreements: one with Kingston whereby Kingston would provide various electrical construction and installation services, and one with Economy Door and Glass (Economy) whereby Economy would provide various door and window construction and installation services. Economy then entered into a contract with PPG whereby PPG was to supply a portion of the window glass and related materials.

A dispute arose between Kingston, Barken and Wal–Mart concerning the scope of work included in Kingston's contract. This dispute ultimately led to the filing of this action.

On December 22, 1988, Kingston filed a Mechanics Lien against the property located at 2101 Barrett Station Road. On April 7, 1989, Kingston filed suit naming several defendants including Wal–Mart and Barken. Count 1 of Kingston's complaint asks for judgment against the defendants in the amount of the unpaid contract price. Count 1 further prays that the aforementioned mechanics lien be enforced. In response to Kingston's complaint, Wal–Mart filed a cross-claim against Barken seeking indemnity for any moneys ultimately owed Kingston.

PPG also filed a cross-claim naming Wal–Mart, Barken and Economy as defendants. In this cross-claim, PPG asked for enforcement of their mechanics lien filed December 19, 1988, against the property at 2101 Barrett Station Road as well as judgment against the named defendants for the unpaid balance of its contract with Economy. In answer to this cross-claim, Wal–Mart filed an additional cross-claim against Barken seeking indemnity in the PPG action.

The trial court granted judgment: 1) in favor of Kingston, granting it a Mechanics Lien against the Wal–Mart property at 2101 Barrett Station Road; 2) in favor of PPG, granting it a Mechanics Lien against the Wal–Mart property at 2101 Barrett Station Road; and 3) in favor of Wal–Mart against Barken for Wal–Mart's cross-claims seeking indemnity on both the Kingston and PPG claims. No mention was made as to: 1) Kingston's claim against Barken for the unpaid balance on the contract between the two; nor 2) PPG's claim against Economy for the unpaid portion of their contract.

 It is a jurisdictional prerequisite that a judgment be final and appealable in order for a reviewing court to hear an appeal based on that judgment. *Concepts Communication Management Corp. v. Newhard Cook & Co.,* 829 S.W.2d 554 (Mo.App.1992) [1, 2]. Thus, when none of the parties raise a question as to a judgment's finality, this Court must raise the issue *sua sponte. Id.* To be final and appealable, the trial court's judgment must dispose of all the issues and all the parties involved. *Id.* at [3]; *Fairfield Square Development Co. v. Rogalski,* 767 S.W.2d 626 (Mo.App.1989) [1, 2].

 In this case, the trial court's judgment does not dispose of all the issues nor all the parties. No judgment was entered as to Kingston's claim against Barken. Further, no judgment was entered as to PPG's cross-claim against Economy.[1] In a mechanics lien action by a sub-contractor a proper judgment requires that a judgment be entered against the contractor for the amount due under the contract and a lien imposed against the owner's property to satisfy that indebtedness. *See Richards Brick Co. v. Wright,* 231 Mo. App. 946, 82 S.W.2d 274 (Mo.App.1935) [13, 14]; *Grgic v. Cochran,* 740 S.W.2d 358 (Mo. App.1987) [2–4]. Here the judgment does not dispose of Kingston's indebtedness claim against Barken nor of PPG's indebtedness claim against Economy. On the judgment before us those claims are still pending.

While certain portions of the trial court's Findings of Facts and Conclusions of Law hint at the dispositions of these unresolved claims, the actual judgment does not touch on these matters. This is not a case where the trial court's attempt to dispose of a case is ambiguous. *See Serfass v. Warner,* 707 S.W.2d 448 (Mo.App.1986) [2]. We, therefore, need only look at the trial court's clear, unambiguous judgment. That clear, unambiguous judgment in this case fails to dispose

of all the claims and parties. We have no jurisdiction to hear this appeal.

Appeal Dismissed.

CARL R. GAERTNER, P.J., and AHRENS, J., concur.

---

1. During oral arguments, the parties intimated that Economy had been let out of this action. However, no such dismissal can be found in the record of this case. It is questionable that Economy could be let out of the case by PPG and for it to still claim a lien because PPG's contract with Economy forms the basis of a judgment against Economy which the lien is used to satisfy. The lien is a method of collection, it is not an indebtedness of the owners. *Grgic,* 740 S.W.2d at [2–4].