**Jimmy Allen DAVIS, Appellant,**

v.

**Rhonda Sue (Davis) BECK, Respondent.**

No. 19241.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 17, 1994.

Encyclopedia, *Firearms*, p. 740 (Macmillan, Inc. 1987).

Julie Crader Dolan, Crader, Crader & Dolan, Sikeston, for appellant.

No appearance, for respondent.

PER CURIAM.

The parties' marriage was dissolved in 1989. The decree awarded Appellant ("Jimmy")[1] custody of the parties' only child, a daughter born February 11, 1987. Respondent ("Rhonda") was awarded reasonable visitation rights, plus temporary custody on certain weekends. The decree was silent about child support (as was the parties' separation agreement).

In 1992, a "Modification Decree" changed Rhonda's visitation and temporary custody rights, but left Jimmy as primary custodian of the child.

1. For convenience and clarity, we refer to the

In 1993, Jimmy filed a "Motion for Contempt," averring Rhonda had willfully and deliberately violated the visitation and temporary custody orders. Jimmy prayed the trial court to order Rhonda to show cause why she should not be held in contempt, and for an award of attorney fees. Simultaneously, Jimmy filed a motion to modify, wherein he sought: (1) restriction of Rhonda's visitation and temporary custody rights, and (2) an order that Rhonda pay him child support.

Rhonda responded with her own motion for contempt, alleging Jimmy had failed to abide by the visitation and temporary custody orders. Rhonda prayed the trial court to require Jimmy to show cause why he should not be held in contempt, and for an award of attorney fees. Rhonda also filed a motion to modify, seeking primary custody of the child and an order that Jimmy pay her child support.

The issues were tried October 19, 1993. Both parties appeared in person and with counsel. Rhonda's lawyer pointed out to the trial court that each side had filed a motion to modify and a motion for contempt.

After hearing the evidence, the trial court entered a "Modification Decree" on November 23, 1993. It recited that each party's motion to modify and motion for contempt had been taken up on October 19, 1993. It adjudicated the custody issues and ordered the parties to pay their own attorney fees, but made no reference to the child support issue or either party's motion for contempt. Jimmy brings this appeal from that decree.

Although not raised by either party, this Court is obligated to notice matters preventing it from obtaining jurisdiction. *In the Matter of S.B.A.*, 850 S.W.2d 356, 357[1] (Mo. App.S.D.1993); *Marsch v. Williams*, 575 S.W.2d 897, 898[1] (Mo.App.1978).

For purpose of appeal, a judgment must be a final judgment and must ordinarily dispose of all parties and all issues in the case. *Stith v. St. Louis Public Service Co.*, 363 Mo. 442, 251 S.W.2d 693, 695[2] (1952). Generally, no appeal lies until the trial court disposes of all issues between the parties.

parties by their respective forenames.

S.B.A., 850 S.W.2d at 357[3]; *Plummer v. United Savings & Loan Assn.*, 781 S.W.2d 827, 828 (Mo.App.S.D.1989). An appellate court lacks jurisdiction when the judgment appealed from is not final. *Taylor v. F.W. Woolworth Co.*, 641 S.W.2d 108, 110[1] (Mo. banc 1982).

■ Rule 74.01(b), Missouri Rules of Civil Procedure (1993), authorizes a trial court to enter judgment as to fewer than all of the claims only upon an express determination that there is no just reason for delay. We find no such determination in the decree appealed from here.

If a trial court does not adjudicate all issues and does not make the determination called for by Rule 74.01(b), the judgment is not final and the appeal must be dismissed. *Haugland v. Parsons*, 827 S.W.2d 285, 286[4] (Mo.App.E.D.1992); *Bay's Texaco Service and Supply Company, Inc. v. Mayfield*, 792 S.W.2d 50, 51 (Mo.App.E.D.1990).

■ Because the decree here neither adjudicates all of the issues nor contains the determination authorized by Rule 74.01(b), the decree is not appealable.

Appeal dismissed.