**LUEBBERING OIL CO., INC.,**
Respondent–Appellant

v.

**OZARK TRUCK PLAZA, INC.,** Missouri Valley Oil Co., Inc., Ellis Brown, John C. White, Jack Greig, and James Greig, Respondents,

and

**John White and J. White Lumber Co., Inc.,** Appellants–Respondents.

Nos. 19024, 19059.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 14, 1994.

Ronald K. Medin, Cook, Vetter, Doerhoff & Landwehr, Jefferson City, for appellant, Luebbering Oil Co.

Van B. Adams, California, for respondents.

PARRISH, Chief Judge.

Luebbering Oil Co., Inc., (plaintiff) filed an eleven-count petition against nine defendants: Ozark Truck Plaza, Inc. (Ozark); Missouri Valley Oil Co., Inc. (Missouri Valley); J. White Lumber Co., Inc. (White Lumber); Ellis Brown; Mae Brown; John C. White (John Christopher White); John White (John Charles White); Jack Greig; and James Greig. Prior to trial, plaintiff dismissed without prejudice as to defendant Mae Brown. After trial without a jury, the trial court, by docket entry, made findings of fact and conclusions of law and purported to enter judgment.[1] Defendants John Charles

---

1. A clear and concise formal judgment, separate from docket entries in the case, assists persons interested in the judgment in ascertaining its determinations. However, a docket entry may suffice as a final judgment if it is complete enough to finally determine the rights of all par-

White and White Lumber filed notice of appeal No. 19024. Plaintiff filed notice of appeal No. 19059. The appeals were consolidated by this court.

■ A jurisdictional prerequisite for appeal is that the trial court's judgment disposed of all issues and all parties involved. *Kingston Electric, Inc. v. Wal-Mart Properties, Inc.*, 867 S.W.2d 712, 714 (Mo.App.1993). An appellate court may not usurp the functions of the trial court by undertaking to decide unresolved issues. *Gurwit v. Kannatzer*, 758 S.W.2d 486, 488 (Mo.App.1988). A judgment that does not dispose of all issues and all parties so as to leave nothing for future determination lacks finality. *Bell v. M.A. Kabir Psychiatry, Inc.*, 828 S.W.2d 956, 957 (Mo.App.1992). If the parties fail to raise the question of a judgment's finality, the reviewing court must do so *sua sponte*. *Kingston Electric, supra*.

■ From its review of the record on appeal, this court concludes that no final judgment was rendered from which appeals will lie; that the appeals must be dismissed.

The claims set forth in the eleven counts of plaintiff's petition were directed against the following defendants:

| Claim [2] | Defendants |
| --- | --- |
| Count I for damages in the amount of $46,646.34 and interest | Ozark |
| Count II for damages in the amount of $46,646.34 and interest and for punitive damages in the amount of $500,000 | All defendants |
| Count III for damages in the amount of $46,646.34 and interest and for punitive damages in the amount of $500,000 | All defendants |
| Count IV for damages in the amount of $62,176.16 and interest | All defendants |
| Count V for damages in the amount of $62,176.16 and interest and for punitive damages in the amount of $1,000,000 | All defendants |
| Count VI for damages in the amount of $62,176.16 and interest and for punitive damages in the amount of $1,000,000 | All defendants |
| Count VII for damages in the amount of $62,176.16 and interest | Ellis Brown; John Christopher White; John Charles White |
| Count VIII for damages in the amount of $62,176.16 and interest | Ozark; Missouri Valley; Ellis Brown; John Christopher White; John Charles White; Jack Greig; James Greig |
| Count IX for damages in the amount of $62,176.16 and interest | Ellis Brown; John Christopher White; John Charles White; James Greig; Jack Greig |
| Count X for damages in the amount of $37,770.77 and interest | Jack Greig |
| Count XI for damages in the amount of $8,277.20 and interest | James Greig |

The "judgment" portion of the trial court's docket entry states an award of $46,646.34 "together with interest thereon at nine per cent since Dec. 21, 1986," to plaintiff from

ties with respect to all claims asserted. *Corn v. Holloway*, 814 S.W.2d 319, 320 (Mo.App.1991).

2. Plaintiff's theories of recovery on the various counts appear to be: Counts I and IV—unpaid open accounts; Counts II, III, V, VI, VII, VIII and IX—fraudulent representation; Counts X and XI—dishonored checks. Plaintiff characterized Counts I and IV as "Open Account"; Counts II and V as "Fraud"; Counts III and VI as "Conspiracy to Defraud"; Counts VII, VIII and IX as "Disregarding the Corporate Entity"; and Counts X and XI as "Bad Checks".

Ozark. That award is followed by a statement that defendant James Greig is liable "as statutory trustee to the extent his [sic] has assets of the OTP corporation [i.e., Ozark]." The statement does not articulate whether the trial court found that Greig possessed assets of Ozark or, if so, their value.

The entry makes a further award of $46,-646.34 to plaintiff from defendant John Charles White and directs that John Charles White pay punitive damages in the amount of $30,000. It awards plaintiff $22,895 from defendants James Greig and Jack Greig.

The "judgment" makes no determination of plaintiff's claims against defendants Missouri Valley, White Lumber, Ellis Brown and John Christopher White. It does not disclose whether the award of $46,646.34 against Ozark and the award of $46,646.34 against John Charles White is a single joint award or two independent awards.

■ In addition to the "judgment" portion of the trial court's docket entry, there are five and one-half pages of single-spaced, typewritten findings of fact and conclusions of law. The findings and conclusions do not furnish the dispositions omitted in the proposed judgment.[3] They fail to articulate dispositions as to claims made against defendants Missouri Valley, White Lumber, Ellis Brown and John Christopher White and make no definitive determinations of Counts II, V, VI, VIII, X and XI.

■ In order to suffice as a final judgment, a docket entry must be complete enough to finally determine the rights of all parties with respect to all claims asserted. *Corn v. Holloway,* 814 S.W.2d 319, 320 (Mo. App.1991); *see also Byrd v. Brown,* 641 S.W.2d 163, 165 (Mo.App.1982); *Byrd v. Brown,* 613 S.W.2d 695, 698–99 (Mo.App. 1981), and cases cited therein under n. 3. It must show "in intelligible language" the relief granted.[4] *Corn v. Holloway, supra,* citing *Magee v. Mercantile–Commerce Bank & Trust Co.,* 339 Mo. 559, 561, 98 S.W.2d 614, 616 (1936); *see also Serfass v. Warner,* 707 S.W.2d 448, 449 (Mo.App.1986); *Byrd v. Brown,* 641 S.W.2d at 167.

This court has no choice but to dismiss the appeals. *Gurwit v. Kannatzer, supra; Gothard v. Spradling,* 561 S.W.2d 448, 449 (Mo. App.1978). Appeals dismissed.

SHRUM and MONTGOMERY, JJ., concur.

---

**3.** An incomplete judgment can be rendered whole if omissions and uncertainties are corrected by dispositive pronouncements in findings of fact and conclusions of law. *See In re Marriage of Wilfong,* 658 S.W.2d 45, 47 (Mo.App.1983).

**4.** "It is a fundamental rule that a judgment should be complete and certain in itself, and that the form of the judgment should be such as to indicate with reasonable clearness the decision which the court has rendered, so that the parties may be able to ascertain the extent to which their rights and obligations are fixed, and so that the judgment is susceptible of enforcement in the manner provided by law." 46 Am.Jur.2d *Judgments* § 67 (1969) (footnotes omitted).