**Peter H. REA, Plaintiff–Respondent,**

v.

**Clovis MOORE and Nancy Moore, Defendants–Appellants.**

No. 19394.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 31, 1995.

Devon F. Sherwood, Sherwood, Honecker & Bender, Springfield, for defendants-appellants.

Richard L. Schnake, Neale, Newman, Bradshaw & Freeman, Springfield, for plaintiff-respondent.

GARRISON, Presiding Judge.

Respondent's (Plaintiff) first amended petition against appellants (Defendants) contained five counts. The judgment from which this appeal is taken reflects that Count V was dismissed by Plaintiff without prejudice and the court granted relief on Counts I, II and III. There was no resolution of Count IV and a counterclaim filed by Defendants.

▇ Initially, we must inquire into our jurisdiction. *Peterson v. Medlock*, 884 S.W.2d 679, 683 (Mo.App.S.D.1994); *Concepts Communication Management Corp. v. Newhard Cook & Co. Inc.*, 829 S.W.2d 554, 555 (Mo.App.E.D.1992). If an appeal does not lie from a judgment, an appellate court has no jurisdiction to consider the merits of the case. *Peterson v. Medlock*, 884 S.W.2d at 683; *Davis v. Beck*, 881 S.W.2d 264, 266 (Mo.App.S.D.1994). In order for a judgment to be final and, therefore, appealable it ordinarily must dispose of all issues for all par-

ties in the case and leave nothing for future determination. *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo.App.E.D.1993). *See also Davis v. Beck*, 881 S.W.2d at 265; *Concepts Communication Management Corp. v. Newhard Cook & Co. Inc.*, 829 S.W.2d at 555.

■ An exception to that general rule, however, is found in Rule 74.01(b),[1] which provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In the instant case, the judgment in question did not dispose of all claims then pending, and the trial court recited merely that "[t]his Judgment is final" without making a finding that "there is no ·just reason for delay." Failure to make such a specific finding has been held to deprive the appellate court of jurisdiction and require dismissal of the appeal. *See Davis v. Beck*, 881 S.W.2d at 266; *Colton, McMichael, Lester, Auman, Visnovske, Inc. v. Mueller*, 877 S.W.2d 702, 703–704 (Mo.App.E.D.1994); *O'Neill v. O'Neill*, 864 S.W.2d at 8; *Ward v. Hentges*, 844 S.W.2d 471, 472–473 (Mo.App.W.D.1992); *Haugland v. Parsons*, 827 S.W.2d 285, 286 (Mo.App.E.D.1992); *Bay's Texaco Service and Supply Co., Inc. v. Mayfield*, 792 S.W.2d 50, 51 (Mo.App.E.D.1990).

Respondent relies on *Stemley v. Downtown Medical Building, Inc.*, 762 S.W.2d 43 (Mo. banc 1988), in urging us to consider this appeal even though the trial court did not make the specific finding that there was "no just reason for delay" as required by Rule 74.01(b).[2] In *Stemley*, the court did consider the merits of the appeal after finding that the trial court's order stating that it was "a final order and judgment for purposes of appeal" satisfied the spirit of Rule 74.01(b) even though it did not also find "that there was no just reason for delay." *Id.* at 45–46. In doing so the court noted that the case was pending when Rule 74.01 was amended to require a finding of "no just reason for delay" and that the order in question would have sufficed under the prior rule. *Id.* The court said, however, that "trial judges are cautioned to not· only determine the necessary facts but also to employ the express language of Rule 74.01(b)," *Id.* at 46, and cited *Bi–State Development Agency v. Peckham, Guyton, Albers & Viets, Inc.*, 747 S.W.2d 332 (Mo.App.E.D.1988), in which the appeal was dismissed for, among other reasons, the lack of an appealable order under Rule 74.01. *Id.*, n. 3.

Later, the Missouri Supreme Court discussed *Stemley* in *Oldaker v. Peters*, 817 S.W.2d 245, 248 (Mo. banc 1991). In doing so, it noted that "*Stemley* proceeded on the basis that the cause was already presented to this Court on appeal and the trial court had designated its order as final for purposes of appeal, which sufficed under the prior rule, amended while the action was pending." *Id.*, n. 1. The court again cited *Bi–State Development Agency v. Peckham, Guyton, Albers & Viets, Inc.* with approval and said:

> In *Stemley* we *tolerated* the noncompliance with the revised rule and permitted the appeal, but this should not be construed to *mandate* that an appeal must be taken without the "magic language" of the amended rule.

*Id.* We believe it is also significant that the Missouri Supreme Court has since said, "[i]t

---

1. All references to rules are to Missouri Rules of Civil Procedure (1994).

2. We note that the parties may not bestow jurisdiction upon a court where it does not otherwise exist. *See International Minerals & Chemical Corp. v. Avon Products, Inc.*, 817 S.W.2d 903, 904 (Mo. banc 1991).

is important to observe that there may be no appeal pursuant to *Rule 74.01(b)* unless the trial court makes the required finding." *International Minerals & Chemical Corp. v. Avon Products, Inc.*, 817 S.W.2d at 906.

This appeal is, therefore, dismissed.

CROW and PARRISH, JJ., concur.