**Donna Sue COLLINS (Brownlee), Harry Rawlings and Patsy Rawlings, Appellants,**

v.

**Gary K. COLLINS and Evelyn L. Collins, Respondents.**

No. 19962.

Missouri Court of Appeals, Southern District, Division One.

May 21, 1996.

Richard D. Bender, Springfield, for appellants.

Richard L. Schnake, Neale, Newman, Bradshaw & Freeman, Charles M. LeCompte, Springfield, for respondents.

MONTGOMERY, Presiding Judge.

Donna Brownlee (Mother) appeals [1] an order denying her motion to dismiss and awarding temporary custody of her two daughters to their paternal grandparents, Gary and Evelyn Collins (the Collinses). Because the order is not a final judgment, the appeal must be dismissed.

In 1983 Mother and Robert Gene Collins (Father) were granted a Decree of Dissolution of Marriage in Greene County, Missouri. Mother was awarded custody of the parties' children, Sondra, born August 13, 1982, and

Jennifer, born September 7, 1983. Father and the Collinses, as intervenors, were granted extensive visitation rights under the decree. With permission of the court, Mother and her daughters moved to Texas in 1984 while the Collinses and Father continued to reside in Missouri.

In 1988 the original Missouri decree was modified by the District Court of Midland County, Texas. The Texas judgment granted, *inter alia*, the Collinses extended summer visitation with their granddaughters. The Collinses exercised their summer visitation without interruption until 1994.

In June 1994 Mother married Scott Brownlee. The Collinses attended the wedding reception and brought their granddaughters back to Missouri for their regular summer visitation.

The following month the Collinses filed a motion to modify in the Circuit Court of Greene County, Missouri, seeking custody of Sondra and Jennifer. Paragraph 12 of their first amended motion alleges:

The Court has jurisdiction pursuant to RSMo. 452.450 because the original Decree awarding custody was entered in this Court; the parties have lived in Greene County, Missouri; the children are presently in Greene County, Missouri, residing with the Movant/Intervenors during their visitation; there exists an emergency situation and it is necessary and proper for this Court to protect the children because they have been subjected to mistreatment and abuse by the stepfather, Scott Van Brownlee, and the Petitioner and there is significant connection within this State.

The prayer requested temporary custody pending a final hearing and asked the court to order psychological evaluations for the children.

On October 6, 1994, Family Court Commissioner Scott Tinsley heard evidence on the Collinses' motion for temporary custody and on Mother's motion to dismiss for lack of jurisdiction. Commissioner Tinsley found that the Circuit Court of Greene County,

1. Mother's parents, Harry and Patsy Rawlings, are named as parties in the Collinses' Motion to Modify and are named as appellants in the No-

tice of Appeal. However, the Rawlingses have not filed a brief here.

Missouri, had jurisdiction to determine the custody matters raised by the Collinses' motion, sustained the motion for temporary custody, and awarded "temporary custody of the minor children" to the Collinses. The order further recited that "[t]he Court will, at a later date, take up and consider psychological evaluations and/or counseling for the minor children as appropriate...." The order was later confirmed and adopted by the family court judge.

The Collinses insist that this appeal should be dismissed because the October 6, 1994, order is not an appealable final judgment. They say the order does not dispose of all the issues in the case and the trial court failed to "expressly determine that there is no just reason for delay" as authorized by Rule 74.01(b). Their contention has merit.

If a trial court does not adjudicate all issues and does not make the determination set forth in Rule 74.01(b), the judgment is not final and the appeal must be dismissed. *Davis v. Beck,* 881 S.W.2d 264, 266 (Mo.App. 1994). We have no jurisdiction to consider an appeal from a judgment lacking finality. *Rea v. Moore,* 891 S.W.2d 874 (Mo.App.1995). A final and, therefore, an appealable judgment disposes of all issues for all parties in the case and leaves nothing for future determination. *Id.* at 874–75. "This rule applies to dissolution matters including motions to modify child custody provisions of dissolution decrees." *In re Marriage of Boyd,* 786 S.W.2d 626 (Mo.App.1990). *See Thomas v. Nicks,* 867 S.W.2d 676 (Mo.App.1993).

Here, the order neither adjudicates all the issues nor contains the determination authorized by Rule 74.01(b). The order determines only temporary custody.[2] It makes no reference to a permanent resolution of the custody issue. Inferentially, the order indicates that further psychological evaluations

are necessary in order to decide the permanent custody issue.

Appeal dismissed.

GARRISON and BARNEY, JJ., concur.

---

2. Unlike *Piedimonte v. Nissen,* 817 S.W.2d 260 (Mo.App.1991), relied upon by Mother, the pleadings and proof in this case as to jurisdiction rest upon § 452.450.1(2), RSMo1994, of the Uniform Child Custody Jurisdiction Act (UCCJA). In *Piedimonte,* the assertion of jurisdiction was based on the "emergency provision of § 452.450.1(3) of the UCCJA." *Id.* at 264. We recognize *Piedimonte* holds that "[t]his special

emergency power to protect the child, moreover, confers a *temporary* jurisdiction only." *Id.* at 267. Because jurisdiction in the instant case is not shown to rest solely on § 453.450.1(3), we cannot view the October 6, 1994, order as one exhausting the trial court's jurisdiction. However, we are unable to decide this issue prior to the rendition of a final judgment.