John W. SMITH, Petitioner–Respondent,

v.

Jeanie M. SMITH, Respondent–Appellant.

No. 21277.

Missouri Court of Appeals,
Southern District,
Division One.

April 28, 1997.

Donald Rhodes, Bloomfield, for appellant.

William S. Rader, Cape Girardeau, for re-spondent.

GARRISON, Judge.

The issue raised by Jeanie Smith (Wife) on this appeal is whether the trial court erred in denying her request to continue a hearing on motions for contempt and other relief filed by her and her ex-husband, John W. Smith (Husband).

On September 26, 1995, the trial court entered a decree dissolving the marriage of Husband and Wife, awarding property to each of them, and ordering Husband to pay child support. On January 17, 1996, Husband filed a motion entitled "Petitioner's Request to Hold Respondent in Contempt and for Other Relief," in which he contended that Wife should be held in contempt for her failure to abide by the terms of the dissolution decree by impeding his attempts to recover his property from the marital residence,[1] failing to make monthly payments to him for his interest in marital real estate, and failing to pay an amount awarded to him for his interest in her retirement plan. The court entered an "Order to Show Cause" on January 24, 1996, in which it instructed Wife to appear on March 1, 1996, to show cause why the relief requested in Husband's motion should not be granted.

On February 13, 1996, Wife filed a motion entitled "Respondent's Request to Hold Petitioner in Contempt and for Other Relief," in which she alleged that, despite her numerous requests, Husband had failed to retrieve his property from the residence. As a result, Wife alleged that Husband should be held in contempt for his failure to obey the court's decree.

The matter was continued several times for reasons not always apparent from the record. Eventually, however, the matter was set for July 2, 1996. On that date, Husband filed a motion entitled "Motion For Relief And Damages With Regard To Recovery Of Personal Items" alleging that he still had not received many of the items of property awarded to him and that other items he had obtained were damaged. He requested damages and an order holding Wife in contempt. The trial court continued the hearing from that date to September 5, 1996.

Husband, his attorney, and Wife's attorney appeared for the hearing on September 5, 1996. Wife, however, did not appear. Her attorney orally moved for a continuance of the matter, alleging that he had written Wife on July 2, 1996 to advise her of the setting and to tell her that the judge said it would be tried that day with no further continuances; that the letter had not been returned to his

---

1. It appears from the record that Wife received the marital residence, and that the majority of the personal property awarded to Husband was located on the premises.

office; and that he had unsuccessfully tried to reach her the previous day. Although he had seen her briefly the previous Saturday, he said they had not discussed the hearing. When the attorney attempted to reach Wife the day before the hearing, he learned from her mother that Wife might be on her way to Florida. The trial court denied the continuance and the hearing was held in Wife's absence.

Following the hearing on September 5, 1996, the trial court entered its order on September 19, 1996, in which it sustained "Petitioner's Motion for Relief and Damages with Regard to Recovery of Personal Items," and it denied "Respondent's Request to Hold Petitioner in Contempt and for Other Relief." In response to "Petitioner's Request to Hold Respondent in Contempt and for Other Relief," the court said the following:

> With reference to the motion to hold [Wife] in contempt, the Court takes that under advisement and issues this caveat to [Wife] regarding her contumacious conduct: she shall carry out and abide to the letter all orders and rulings of this Court as contained in the Judgment and Decree of Dissolution and in this Order. Her failure to do so will result in her incarceration.

In her sole point relied on, Wife contends that the trial court abused its discretion in denying the motion for continuance because her presence and testimony was necessary to present her cause, and her absence was for good cause because she had not received notice of the hearing.

"It is the duty of this court, *sua sponte*, to inquire into our jurisdiction." *In re Carl McDonald Revocable Trust*, 899 S.W.2d 138, 139 (Mo.App. S.D.1995). "If an appeal does not lie from a judgment, an appellate court has no jurisdiction to consider the merits of the case." *Rea v. Moore*, 891 S.W.2d 874 (Mo.App. S.D.1995). "A prerequisite to appellate review is that there be a final judg-

ment." *Albright v. Kelley*, 926 S.W.2d 207, 209 (Mo.App. S.D.1996).

"A judgment, order, or decree of the trial court is final and appealable only when it disposes of all the issues for all parties in the case and leaves nothing for future determination." *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo.App. E.D.1993); *see also Rea v. Moore*, 891 S.W.2d at 874–75. Rule 74.01(b) [2] permits the trial court, however, to designate as final a judgment which disposes of one or more claims but fewer than all claims. *Committee For Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). "Assuming there is at least one claim fully resolved as to at least one party, Rule 74.01(b) grants circuit courts the discretion to declare that aspect of the judgment final upon a finding of 'no just reason for delay.' Absent such finding, Rule 74.01(b) is inapplicable." *Id.* at 453. "If the trial court does not resolve all the issues or expressly designate the court's action as final in accordance with Rule 74.01(b), the appeal must be dismissed." *O'Neill v. O'Neill*, 864 S.W.2d at 8.

In the instant case, the trial court sustained one motion, denied one motion, and took the third motion "under advisement." The trial court therefore did not dispose of all issues before it. The third motion remains pending, and because the trial court did not expressly find that "there is no just reason for delay," the trial court's order is not final. We are therefore without jurisdiction to hear this appeal.

The appeal is dismissed.

BARNEY, P.J., and PREWITT, J., concur.

---

2. All references to rules are to Missouri Rules of    Civil Procedure (1997).