Norma Ruth SCHRIEBER,
Plaintiff–Respondent,

v.

Nola ASLINGER, Jerry Mungle, and
Anna Mae Mungle, Defendants–
Appellants

No. 21728.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 19, 1998.

Walter S. Drusch, Lowes & Drusch, Cape Girardeau, for Defendants–Appellants.

Jasper N. Edmundson, Edmundson, Terando, Hopkins & Henson, Poplar Bluff, for Plaintiff–Respondent.

PARRISH, Presiding Judge.

Nola Aslinger, Jerry Mungle and Anna Mae Mungle (defendants) appeal a judgment that determined Norma Ruth Schrieber (plaintiff) was vested with title to an "ingress-egress easement" across a certain 20–foot strip of real estate located in Bollinger County, Missouri. The appeal is dismissed because the judgment does not dispose of all issues in the case and, therefore, lacks finality.

Plaintiff brought an action requesting determination that she had an easement across certain property in Bollinger County for ingress and egress to and from other property she owned. She also requested "that Defendants be permanently enjoined from obstructing such roadway easement." Plaintiff's petition alleged that the property across which she claimed an easement was owned by defendants.

A docket entry dated "6/3/96" indicates a jury trial. It includes the statements, "Jury concludes deliberations at 4:00 p.m. and finds in favor of plaintiff. Equitable issues set for trial August 15, 1996 at 9:00 a.m." That trial date was later continued.

The following docket entry appears dated "11–5–96":

ORDER: CASE set for Hearing on remaining issue 12/17/96 at 1:30 P.M. Clerk to Notify Attorneys of Record. SO ORDERED this 4th day of November, 1996.

On December 17, 1996, the following docket entry was made:

DEFENDANTS' MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF ALL OF THE EVIDENCE filed by Walter S. Drusch, atty. for the defendants.

CIVIL ORDER: Plaintiff appears in peson [sic] and by counsel Jasper Edmundson.

Defendant appears in person and by counsel Walter S. Drusch.

Evidence adduced.

Cause taken under advisement.

SO ORDERED 12/17/96

A docket entry dated March 7, 1997, states, "JUDGMENT entered." An entry dated April 3, 1997, states that an order

setting aside the judgment was entered on April 2, 1997. It is followed by: "ENTRY OF JUDGMENT and JUDGMENT entered. Dated 4/2/97 /s/ John W. Grimm."

The legal file contains the "ENTRY OF JUDGMENT" and "JUDGMENT" referred to in the April 3 docket entry. A copy of it is attached to defendants' notice of appeal.

The judgment states that plaintiff is vested with title to the "20' ingress-egress easement" and orders a copy thereof to be recorded in Bollinger County. It declares "that it stand and operate as a conveyance of the right, title, and interest of Norma Ruth Schrieber, the Plaintiff herein, in and to said land described herein" and assesses costs to defendants. The judgment does not address plaintiff's request for an injunction.

*Boley v. Knowles*, 905 S.W.2d 86 (Mo. banc 1995), explains:

"A prerequisite to appellate review is that there be a final judgment." [*Committee for Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo.banc 1994) ]; § 512.020, RSMo 1994. If the order of the trial court was not a final judgment, this Court lacks jurisdiction and the appeal must be dismissed. *Committee for Educ. Equality*, 878 S.W.2d at 454. An appealable judgment disposes of all issues in a case, leaving nothing for future determination. *Quiktrip Corp. v. City of St. Louis*, 801 S.W.2d 706, 710 (Mo.App.1990). Rule 74.01(b), however, permits a trial court to enter judgment on a single claim when multiple claims are asserted in a single case and to certify its judgment as appealable "upon an express determination that there is no just reason for delay." A judgment that resolves fewer than all legal issues as to any single claim is not a final judgment and may not be separately appealed even if the trial court designates it as final and appealable. *Committee for Educ. Equality v. State*, 878 S.W.2d at 450. "Similarly, a judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b)." *Id.* Thus, if the order disposed of "one claim for relief," the order is a final judgment

and this Court has jurisdiction. Conversely, if the order merely disposed of a remedy, it is not a final judgment and this Court lacks jurisdiction to entertain the appeal. [Footnote omitted.]

*Id.* at 88.

Plaintiff's claim sought two remedies, determination that she had a roadway easement and injunctive relief preventing defendants from obstructing the easement. The judgment does not determine the request for injunctive relief. Accordingly, appeal from that judgment will not lie. "If an appeal does not lie from a judgment, an appellate court has no jurisdiction to consider the merits of the case." *Rea v. Moore*, 891 S.W.2d 874 (Mo.App.1995). The appeal is dismissed.

MONTGOMERY, C.J., and BARNEY, J., concur.