KAREN LITTLE, LLC, individually and on behalf of all others similarly situated, Plaintiff/Respondent,

v.

BRINKER MISSOURI, INC., and Sunbelt Communications and Marketing, LLC, Defendants/Appellants.

No. ED 87383.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 7, 2006.

Geoffrey M. Gilbert, Jr., St. Louis, MO, for Plaintiff/Respondent.

Steven A. Katz, St. Louis, MO, for Defendants/Appellants.

GLENN A. NORTON, C.J.

Brinker Missouri, Inc. and Sunbelt Communications and Marketing LLC (Appellants) appeal from the trial court's order granting class certification. We dismiss the appeal.

Karen Little, LLC (Respondent) filed suit against Appellants as a class action to recover damages under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. section 227, for claims arising out of Appellants' transmission of facsimile advertisements to persons and businesses in the St. Louis area without express invitation or permission. Respondent sought class certification under Rule 52.08(b)(3) to bring the suit on behalf of itself and all others similarly situated. On September 23, 2005, the trial court entered an order granting the motion for class certification and certifying a class. On December 15, 2005, Appellants filed a notice of appeal with the circuit court.

Generally, in civil cases, an aggrieved party may only appeal from a final judgment. Section 512.020, RSMo Cum.Supp. 2004; Rule 74.01(b). In 2004, the legislature amended section 512.020 to allow certain interlocutory appeals from orders "granting or denying class action certification provided that . . . [t]he court of appeals, in its discretion, permits such an appeal." Section 512.020(3). In response to the amendment, this Court adopted a

special rule, effective January 1, 2005, that set forth the procedure a party must follow to obtain permission to appeal from orders granting or denying class action certification. Local Rule 411 (repealed effective January 1, 2006). This rule required a party to file a petition with this Court seeking permission to appeal within twenty (20) days of the entry of the order. Local Rule 411(a). In addition, it set forth in detail the requirements of the petition, as well as the requirements of any response from a party opposing the petition. Local Rule 411(c).

Here, Appellants did not file a petition seeking permission to appeal from the order granting class action certification. Instead, they filed a notice of appeal directly with the circuit court, although leave had not been granted. Therefore, on December 15, 2005 when they filed their notice of appeal, there was neither a final judgment nor an order allowing the interlocutory appeal. Section 512.020(3); *O'Neill v. O'Neill,* 864 S.W.2d 7, 8 (Mo.App. E.D. 1993). Without such an order, this appeal is simply from an interlocutory order and is not appealable.

This Court issued an order directing Appellants to show cause why this appeal should not be dismissed. Appellants assert that section 512.020(3) allows for this appeal and that the Court's rules cannot require that Appellants seek leave to pursue such an appeal. We disagree. The statute provides only that such orders are appealable if "[t]he court of appeals, in its discretion, permits such an appeal." Section 512.020(3). This Court set out a procedure for obtaining permission and this procedure was not followed. This Court has the power to promulgate rules related to its court procedure. *See,* Rule 50.01;

Mo. Const., Art. V, section V. Rule 50.01 specifically authorizes this Court to make rules "governing the administration of judicial business." Appellants' failure to follow the required procedure leaves only an appeal from an interlocutory order, which is not appealable.[1] Indeed, the trial court can always revisit and change a class certification order at any time before it renders a decision on the merits. *Reinhold v. Fee Fee Trunk Sewer, Inc.,* 664 S.W.2d 599, 602 (Mo.App. E.D.1984).

On the Court's own motion, the appeal is dismissed without prejudice.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concur.

---

1. Our Local Rule 411 was repealed effective January 1, 2006, the same date Supreme Court Rule 84.035 became effective. In many respects, Rule 84.035 is similar to Local Rule 411. All future petitions for permission to appeal should follow Rule 84.035.