

# In the Missouri Court of Appeals
## Eastern District

**DIVISION FIVE**

| | | |
|---|---|---|
| BV CAPITAL, LLC, | ) | No. ED101185 |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| LARRY HUGHES, | ) | No. 12SL-CC01008 |
| | ) | |
| Defendant/Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THIRD STREET INVESTORS, LLC, et. al, | ) | OPINION FILED:  July 29, 2014 |
| | ) | |
| Defendants. | ) | |

Larry Hughes (Appellant) appeals from the entry of summary judgment against him on February 19, 2014.  In response, BV Capital, LLC (Respondent) filed a motion to dismiss the appeal for lack of a final, appealable judgment.  Appellant has filed suggestions in opposition to which Respondent has filed a reply.  For the following reasons, we dismiss the appeal without prejudice.

This case involves multiple claims against multiple parties.  Appellant appeals from the entry of summary judgment entered against him on February 19, as guarantor on a loan made to defendant Third Street Investors, LLC (Third Street) in the amount of $586,119.90.  A separate judgment was entered against another defendant, Marshall Faulk (Faulk), on February 18, also in

the amount of $586,199.90. On February 21, Respondent dismissed all of its remaining claims. On that same date, Appellant filed his notice of appeal from the entry of summary judgment against him.

However, on March 17, defendant Faulk filed a timely, authorized after-trial motion asking for reconsideration of the judgment entered against him. On April 10, the trial court granted the motion and entered a judgment setting aside the February 18 judgment against Faulk, and reinstating Respondent's Second Amended Petition. The matter was then set for a status conference.

An appellate court has jurisdiction only over final judgments that dispose of all parties and claims in the case and leave nothing for future determination. O'Neill v. O'Neill, 864 S.W.2d 7, 8 (Mo. App. E.D. 1993). If the trial court does not either resolve all the issues as to all parties or expressly designate "there is no just reason for delay," the appeal must be dismissed. Rule 74.01(b); Fleahman v. Fleahman, 25 S.W.3d 162, 164 (Mo. App. E.D. 1999).

Appellant contends that the entry of summary judgment became final on February 21, when Respondent dismissed its remaining claims. However, a voluntary dismissal by a party does not immediately render a judgment final. While the February 21 action of dismissing all additional parties and claims "may leave nothing for future determination," O'Neill, 864 S.W.2d at 8, "a judgment becomes final at the expiration of thirty days after its entry, if no timely authorized after-trial motion is filed." Rule 81.05(a). In this case, while Appellant appeals the judgment of February 19, the thirty day window did not begin to count until February 21. Bailey v. Innovative Management & Inv., Inc., 890 S.W.2d 648, 649-50 (Mo. banc 1994). Thirty days from February 21 is March 23.

2

Defendant Faulk filed his after-trial motion on March 17. In the event an authorized after-trial motion is filed, the judgment does not become final until the earlier of ninety days from the date the motion was filed or the date the motion was ruled upon. Rule 81.05(a)(2); Bailey, 890 S.W.2d at 649-50. In this case, the motion was granted leaving many issues for a "future determination." O'Neill, 864 S.W.2d at 8. Therefore, since the judgment of February 18 entered against defendant Faulk is not a final, appealable judgment, the judgment against Appellant of February 19 is also not a final, appealable judgment.

While Rule 81.05(b) does provide that if a notice of appeal has been filed prematurely, then "such notice shall be considered as filed immediately after the time the judgment becomes final for the purpose of appeal," the judgment in question has not become final and Rule 81.05(b) does not prevent the dismissal of Appellant's appeal.

Respondent's motion to dismiss is granted. The appeal is dismissed without prejudice for lack of a final, appealable judgment.

_____
ROBERT M. CLAYTON III, JUDGE

Angela T. Quigless, C.J., and
Lisa S. Van Amburg, J., concur.