**Michael DILLON, et al., Respondents,**

v.

**Robert A. NORFLEET,
et al., Appellants.**

**No. WD 43006.**

Missouri Court of Appeals,
Western District.

June 4, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1991.

Application to Transfer Denied
Sept. 10, 1991.

L.R. Magee, Kansas City, for appellants.

D. Keith Henson, Kansas City, for respondent Schoenstadt.

Robert A. Sundblad, Kansas City, for respondents Dillon, Chapman, Davis & Folsom.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

KENNEDY, Judge.

Defendants appeal from a declaratory judgment declaring that plaintiffs, who are the respective owners of residential lots facing west on Cambridge Street in Kansas City, Kansas, have a 12–foot prescriptive easement along the east (rear) ends of their lots upon property in Missouri owned by the defendants, for ingress and egress between their respective lots and 33rd street, which runs east and west at the south end of the easement. The alleyway had been in use by plaintiffs and their predecessors in title since the 1940's, but in 1981 the defendants, whose property abuts that of plaintiffs on the east, sought to prevent plaintiffs' access to the alleyway by constructing a fence along the length of the alleyway, four feet east of their, defendants', west boundary line. Two groups of plaintiffs filed lawsuits against defendant, but the two lawsuits of them were consolidated for trial. After a trial to the court, the court entered the judgment from which defendants appeal.

Defendants do not contest the long and sufficient adverse use of the alleyway by plaintiffs and their predecessors in title, but they claim on this appeal that the evidence did not establish the exact description of the easement. Evidence which will enable the easement to be located is a necessary part of the plaintiff's case, and the judgment must contain a definite description of the easement based upon the evidence. *Teson v. Vasquez,* 561 S.W.2d 119, 127 (Mo.App.1977); *Allen v. Smith,* 375 S.W.2d 874, 883 (Mo.App.1964).

At the close of plaintiffs' evidence, and again at the close of the case (defendants offered no evidence) defendants moved for

judgment on the ground, among others, that the boundaries of the alleged easement had not been shown by the evidence. The trial judge ordered the county surveyor to conduct a survey and mark out an easement 12 feet in width along the west side of defendants' property. After the survey, the case was reopened, the survey proved, and the court incorporated the survey in its judgment.

 We hold, contrary to defendants' claim, that plaintiffs' evidence was sufficient to establish the boundaries of the alleyway. Several witnesses estimated the width of the alley to be 12 feet. One of the plaintiffs by actual measure had found the length of the alleyway, from 33rd Street to the north end of 323 Cambridge (the northernmost of plaintiffs' properties), to be 301.6 feet, although only the south 200 feet of the alleyway was on defendants' property. The south boundary of the alleyway was testified to be 33rd Street. The alleyway was described in the testimony as running along the back of plaintiffs' properties, and as being located on defendants' land along the entire 200–foot north-south length thereof. This was sufficient to prove plaintiffs' case and to enable the court to describe the easement in the judgment. *Id.*

The trial court found in an interlocutory order that the exact location of the easement was ascertainable, but he ordered a survey conducted for a specific legal description. The survey was duly conducted at a cost of approximately $2,350. The court then taxed the survey expense as a part of the court costs, and assessed the costs against defendants.

 Defendants first challenge the trial court's ordering the survey at all. They attack this order as a manifestation of the court's partiality in the plaintiffs' favor. They present the order as a measure by the court to supply essential proof which the plaintiffs had failed to furnish. They cite cases which reiterate the undoubted proposition that judges are to be impartial as between the parties, but they do not cite any cases which say, nor do defendants argue, that the trial court does not have the power and authority to order a survey in order to establish a proper legal descrip-tion in a case where land boundaries are in issue. And the trial court does in fact have such inherent power and authority, as shown by the following cases: *Wills v. Meador*, 638 S.W.2d 297, 298 (Mo.App. 1982); *State ex rel. County of Shannon v. Chilton*, 626 S.W.2d 426, 429–30 (Mo.App. 1981).

The cost of such a court-ordered survey may be taxed as court costs. *Wills*, 638 S.W.2d at 298; *Chilton*, 626 S.W.2d at 429–30.

Next, defendants challenge the court's assessing the entire court costs, including the approximate $2,350 survey expense, against them. Here the defendants are entitled to some relief. The trial court in an equity case has discretion to apportion court costs among the parties. *Board of Managers of Peppertree Square v. Ricketts*, 701 S.W.2d 767, 769–70 (Mo. App.1985). His apportionment of costs is reviewable for abuse of discretion. *Gieselmann v. Stegeman*, 470 S.W.2d 522, 525 (Mo.1971). We have concluded that the survey was for the benefit of both parties and should be paid one-half by plaintiffs and one-half by defendants.

With the foregoing modification with reference to the taxing and apportionment of costs, the judgment is affirmed.

All concur.