**MAIN STREET FEEDS, INC., Plaintiff–Respondent,**

v.

**Viga HALL and Jane Hall, Defendants– Appellants.**

**No. 21148.**

Missouri Court of Appeals, Southern District, Division Two.

May 2, 1997.

Craig A. Smith, Daniel, Clampett, Powell & Cunningham, Carr L. Woods, Monett, for defendants–appellants.

John Cowherd, Stemmons, Stemmons & Cowherd, P.C., for plaintiff–respondent.

MONTGOMERY, Chief Judge.

This controversy centers on the ownership of a vacated street in the city of Monett, Missouri. The street, originally called Market, was apparently renamed Euclid prior to the time this dispute arose.

Plaintiff owns a lot on the east side of the vacated portion of Euclid, a north-south street. Defendants own a lot on the west side of the vacated street directly west of Plaintiff's lot.

Plaintiff's amended petition, in two counts, sought injunctive relief against Defendants for blocking access to Plaintiff's property and for a declaratory judgment that it owned at least the east half of the vacated street.

Defendant's amended counterclaim, in four counts, asked the court to quiet the title to "approximately 70 feet" of real estate lying between the lots owned by the parties. The remaining counts were for injunctive relief, for ejectment, and trespass.

After a bench trial, the court entered a judgment vesting title in Plaintiff to the east 40 feet of the vacated street. The judgment also granted injunctive relief to both parties, gave each party an easement over the other party's property, and denied relief to Defendants for ejectment and trespass. Significantly, the judgment failed to quiet the title to the west 30 feet of the vacated street.[1]

"It is well established that in a quiet title action all persons properly made

---

1. Defendants' Exhibit 8, a survey admitted in evidence, indicates that the vacated portion of "Euclid Avenue" is 70 feet wide. Defendants' counterclaim alleged that the disputed strip was 70 feet in width. Plaintiff's petition alleged that the width of the disputed strip was 60 feet.

parties are entitled to have their respective titles affirmatively adjudged and declared." *Village of Climax Springs v. Camp*, 681 S.W.2d 529, 534 (Mo.App.1984). A quiet title judgment which fails to adjudicate title to all the property involved in the action is not a final judgment. *Gurwit v. Kannatzer*, 758 S.W.2d 486, 488 (Mo.App.1988).

This Court has no jurisdiction over an appeal unless the appeal is from a final judgment. *Luebbering Oil Co., Inc., v. Ozark Truck Plaza, Inc.*, 883 S.W.2d 558, 559 (Mo.App.1994). A final and appealable judgment is one that disposes of all the issues and all the parties involved. *Kingston Elec., Inc., v. Wal–Mart Properties, Inc.*, 867 S.W.2d 712, 714 (Mo.App.1993). If the parties fail to raise the question of the judgment's finality, the reviewing court must raise the issue *sua sponte*. *Id.* An appellate court may not usurp the functions of the trial court by undertaking to decide unresolved issues. *Gurwit*, 758 S.W.2d at 488.

This Court concludes that no final judgment was entered in this case from which an appeal will lie. There can be no question that the trial court failed to adjudicate ownership as to the west 20 or 30 feet of the vacated street. As noted, we cannot decide such an unresolved issue.

Therefore, it is necessary to dismiss the appeal and remand the case to the trial court for adjudication of ownership as to all the property involved in this action. If necessary, the court should hear additional evidence and determine the actual width of the vacated street before adjudicating the respective interests of the parties. In making that adjudication, the court should again consider the teachings of *Prewitt v. Whittaker*, 432 S.W.2d 240 (Mo.1968), a case relied upon by both parties.

The appeal is dismissed.

Crow, P.J., and Shrum, J., concur.

Thus, the trial court's judgment failed to adjudicate title to either the west 20 or 30 feet of the vacated street.