**Randy PATTERSON and Betty Patterson, Plaintiffs–Appellants,**

**v.**

**Glen HARRISON, Sr., Defendant–Respondent.**

**No. 23634.**

Missouri Court of Appeals,
Southern District,
Division One.

March 21, 2001.

Richard Whiffen, Sikeston, for Plaintiffs-Appellants.

No appearance, for Defendant–Respondent.

MONTGOMERY, Judge.

This dispute arose after Defendant claimed by adverse possession an unimproved roadway along the east side of a 5–acre tract deeded to Plaintiffs. The roadway is approximately 18 feet wide and 1130 feet long. Plaintiffs used the roadway for access to their residence while Defendant used it for access to his farmland.

Eventually, Plaintiffs filed a two-count petition against Defendant. Count I, a quiet title action, alleged that Plaintiffs owned the disputed area and that Defendant claimed a "possessory and legal right" thereto. Count II claimed that Defendant trespassed over their property.

Defendant's answer to Count I affirmatively alleged "that the east boundary of Plaintiffs' property has been established by the doctrine of acquiescence, to be the old fence row, and further, that in the event that a survey purports to show that the east boundary line of Plaintiffs' tract crosses the old fence row, that said portion on the easterly side of said fence row has been acquired by Defendant and his predecessors in title by adverse possession." Defendant also asserted a counterclaim against Plaintiffs seeking an injunction prohibiting the Plaintiffs from, *inter alia,* blocking the roadway.

After a bench trial, the court entered a judgment reciting, in pertinent part, that "the Court finds the issues in favor of Defendant and against Plaintiffs upon Counts I and II of Plaintiffs' Petition. The Court finds the issues in favor of Plaintiffs upon Defendant's Counterclaim."

"In a quiet title action, the judgment must describe with reasonable certainty the real estate affected by the decree." *Anderson v. Howald,* 897 S.W.2d 176, 179 (Mo.App.1995). As stated in *Allen v. Smith,* 375 S.W.2d 874, 882 (Mo.App. 1964):

[I]t may be stated as a general rule that, in a suit to establish or protect privileges with respect to a right of way the location and limits of which are in dispute, "the right of way involved should be definitely described in the judgment, at least so that its location, with the aid of such description, could readily be located; and the width of the way should

be made clear." 28 C.J.S. Easements § 113b., p. 819.

■■■ Furthermore, all parties to a quiet title action are entitled to have their respective titles affirmatively adjudged and declared. *Main Street Feeds, Inc. v. Hall,* 944 S.W.2d 328, 329–30 (Mo.App. 1997). "A quiet title judgment which fails to adjudicate title to all the property involved in the action is not a final judgment." *Id.*

We have no jurisdiction unless the appeal is from a final judgment. *Id.* "A final and appealable judgment is one that disposes of all the issues and all the parties involved." *Id.* A reviewing court has a duty to determine its jurisdiction *sua sponte. Cobble Trust v. Wilson,* 928 S.W.2d 897, 898 (Mo.App.1996).

The judgment in this case did not resolve all the issues before the trial court. Consequently, there is no final judgment and it is not appealable. Clearly, the judgment fails to describe the affected real estate and fails to adjudge and declare the title of the respective parties to the disputed tract.

Therefore, we must dismiss the appeal and remand the case to the trial court for adjudication of the parties' respective interests in the disputed tract. The judgment must also describe the real estate in question "with enough certainty to support a later conveyance of the property." *Id.* at 898.

The appeal is dismissed.

PARRISH, P.J., and SHRUM, J., concur.