**TURKEY MOUNTAIN AIRPORT, INC., Plaintiff–Appellant,**

v.

**ESTATE OF Vernon FALER, Deceased, William Craig, and Pat Craig, Defendants–Respondents.**

No. 24481.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 22, 2002.

Richard L. Schnake, Neale & Newman, L.L.P., Springfield, for appellant.

Tom W. Cardin, Cardin & Payne, Cassville, for respondents.

KENNETH W. SHRUM, Judge.

In October 2000, Vernon Faler ("Faler"), now deceased, owned a house and lot adjoining an airstrip owned by Turkey Mountain Airport, Inc. ("Plaintiff"). William and Pat Craig ("Craigs") rented Faler's house. After a dispute arose about whether Faler and the Craigs had a right to drive across part of Plaintiff's airstrip to reach the east side of Faler's lot, Plaintiff sued Faler and the Craigs and asked that they be enjoined from trespassing and encroaching on its airstrip.[1] After a suggestion of the death of Faler was filed, the personal representative of his estate, Debby Bobbitt ("Bobbitt"), and the Craigs filed an answer and counterclaim. In amended pleadings, Bobbitt and the Craigs asked that Plaintiff be enjoined from blocking what they claimed was an access road on Plaintiff's airstrip that served Faler's lot. They also sought actual and punitive damages from Plaintiff. The claims asserted by Bobbitt and the Craigs to the road were based on theories of prescriptive easement and statutory way of necessity per § 228.342, RSMo (2000).

Following a bench trial, the court found "in favor of [the Craigs and Bobbitt] on plaintiff's petition for permanent injunction[]" and "in favor of plaintiff and against [the Craigs and Bobbitt] on [the Craigs' and Bobbitt's] counter-claim." Additionally, the court found:

"the *road or area in question* is a public road arising out of the doctrine of common law dedication predicated on the doctrine of *estoppel in pais*. The court concludes that the evidence is sufficient to show an adverse use on the part of the public under such circumstances and for such a period of time, with the acquiescence of the owner(s) as to imply a dedication of the land and a prescriptive right thereto on the part of the public by its acceptance and appropriation as a public way, all of which may be shown by facts and circumstances as well as positive proof." (First emphasis supplied; second in original.)

In a non-decretal part of the judgment, the trial court noted that "[n]either the petition or counterclaim give precise legal descriptions of the road or area in question. Plaintiff's Exhibit 6 identifies the disputed area to be generally along the East side of lots 1–14 of Mitten's Second Subdivision." However, the absence of an adequate legal description in the pleadings, as mentioned by the court, was not cured by Exhibit 6 or any other evidence adduced at trial.

Exhibit 6 was a plat of a survey made of the perimeter of Plaintiff's airstrip property, but depicted no road at all. The only evidence depicting an "access road" was contained in Bobbitt's and the Craigs' survey, Exhibit E. However, the only evidence concerning the road on this plat was that certain witnesses testified that lines drawn in "free-hand" fashion on the plat represented the claimed access road. The plat contained no courses, distances, point of origin, point of termination, or designation of width for the "lined" area. The preparer of the plat did not locate these lines with reference to the Faler lot by course, distance, or other means. In sum, the record contains no evidence from

---

1. Plaintiff's petition included a request for mandatory injunctive relief; specifically, it asked that Faler and Craigs be ordered to remove a concrete slab they had built on Plaintiff's land.

which the *"road or area in question"* can be located by anyone in any fashion.

 In a quiet title action or suit over a roadway, the judgment must describe with reasonable certainty the real estate affected by the judgment. *Patterson v. Harrison,* 46 S.W.3d 580, 581[2] (Mo.App. 2001); *Dillon v. Norfleet,* 813 S.W.2d 31, 32 (Mo.App.1991). As explained in *Allen v. Smith,* 375 S.W.2d 874, 882 (Mo.App. 1964):

> "[I]t may be stated as a general rule that, in a suit to establish or protect privileges with respect to a right of way the location and limits of which are in dispute, 'the right of way involved should be definitely described in the judgment, at least so that its location, with the aid of such description, could readily be located; and the width of the way should be made clear.' 28 C.J.S. Easements § 113b, p. 819."

 Moreover, all parties to a lawsuit that affects real estate are entitled to have their respective titles and right-of-way privileges affirmatively adjudged and declared. *Patterson,* 46 S.W.3d at 582[4]. A judgment that fails to adjudicate title to all real estate in dispute, or fails to declare the rights of the respective parties to the areas in dispute, is not a final judgment. *Id.* at 582[5].

 This court has no jurisdiction unless the appeal is from a final judgment. *Id.* at 582. "A final and appealable judgment is one that disposes of all the issues and all the parties involved." *Main Street Feeds, Inc. v. Hall,* 944 S.W.2d 328, 330 (Mo.App.1997). An appellate court has a duty to examine its jurisdiction *sua sponte. Cobble Trust v. Wilson,* 928 S.W.2d 897, 898[1] (Mo.App.1996).

 The judgment here did not resolve all the issues before the trial court. Consequently, there is no final judgment, and it is not appealable. This follows because the judgment did not describe the *"road or area in question"* with sufficient definiteness so that, with the aid of such description, it could readily be located. Nor was the width or extent thereof made clear. Equally fatal to the judgment is its failure to adjudge and declare the title of the respective parties to what is a "disputed tract" *if* any road found to exist on Plaintiff's property does not abut some part of the Faler lot. *See Patterson,* 46 S.W.3d at 581–82.[2]

Accordingly, we dismiss the appeal and remand the case to the trial court. Any judgment rendered after remand that finds an easement on Plaintiff's land (public or private by whatever theory) must do so with sufficient certainty so that its location, with the aid of such description, can be readily established. Moreover, any judgment entered after remand that finds an easement on Plaintiff's land shall make the width and extent thereof clear. If a judgment rendered after remand finds an easement on Plaintiff's land, but the easement is so located that it does not abut some part of Faler's lot, the judgment shall adjudicate the parties' respective interests in any disputed tract between the Faler lot and the easement.

The appeal is dismissed.

PREWITT, P.J., and RAHMEYER, C.J., concurs.

---

**2.** Neither this paragraph nor anything else in this opinion should be read as indicating a view by this court that the record does or does not support a finding that "the road or area in question is a public road arising out of

the doctrine of *estoppel in pais."* Similarly, upon remand the trial court may consider such additional evidence or allow such additional pleadings as in its sole discretion it sees fit.