Sue **WILLIAMS**, Larry Arnold and Don Arnold, Plaintiffs–Appellants/Respondents,

v.

Charles F. **JENKINS**, III and Cassie K. Jenkins, Husband and Wife, Defendants–Respondents/Cross–Appellants.

Nos. 25410, 25411.

Missouri Court of Appeals, Southern District, Division Two.

March 1, 2004.

---

2. All references to rules are to Supreme Court Rules (2003) unless otherwise indicated.

George R. Spence, Bentonville, AR, for appellants.

Robert W. Evenson, Evenson & Carlin, L.L.C., Pineville, for respondents.

NANCY STEFFEN RAHMEYER, Chief Judge.

Sue Williams, Larry Arnold, and Don Arnold (collectively, "Appellants") appeal from the trial court's denial of their claim for trespass against Charles F. Jenkins, III and Cassie K. Jenkins (collectively, "Cross–Appellants"). In response, Cross–Appellants bring a cross-appeal in which they seek reversal of the trial court's adjudication that: (1) Appellants had acquired title to a tract of Cross–Appellant's land by adverse possession, and (2) Appellants had proven they had acquired a prescriptive easement for ingress/egress over another part of Cross–Appellant's land.

For ease of discussion, we will first address the facts of the cross-appeal. On August 25, 1997, Cross–Appellants purchased property in Barry County, Missouri, but did not obtain a survey of that property until August of 1999. The survey

revealed that a driveway ("driveway") south of Appellants' house, which leads to a garage being used by Appellants, as well as two buildings, were actually located on Cross–Appellants' land. Between January 2000 and the spring of 2000, Cross–Appellants erected a gate at the beginning of the driveway off the road, constructed a string barrier featuring a "No Trespassing" sign across the driveway, and padlocked the shed and the garage. The barrier, gate, and padlocks prevented the owners or occupiers of Appellants' house from using the driveway, the shed, or the garage.

Appellants subsequently filed suit in which they claimed that they had acquired a prescriptive easement for ingress and egress on Cross–Appellants' land, specifically, a driveway that ran from the county road, across Cross–Appellants' land, and to Appellants' land. Additionally, Appellants' suit alleged that they had acquired title to another parcel of Cross–Appellants' land on which the shed and garage were located by adverse possession. Finally, Appellants also claimed damages in trespass resulting from their inability to use the driveway, garage, or shed after Cross–Appellants denied access to all three.[1] The trial court found in favor of Appellants with regard to their claims of adverse possession and prescriptive easement, but denied their claim for trespass damages.

Cross–Appellants claim error in the trial court's finding that Appellants have a prescriptive easement of ingress and egress over an existing driveway. Appellants counter that the trial court erred in denying their claim for trespass damages because their ownership stems from adverse possession, and argue that damages were appropriate because a successful claim for trespass is contingent on the claimant's rightful possession, rather than record title to the trespassed property. Appellants specifically claim error in the trial court's refusal to award damages for their inability to use the driveway. As noted herein, both Appellants' and Cross–Appellants' claims of trial court error involve, in some fashion, the judgment granting the prescriptive easement.

■ Concerning the easement, the trial court found:

8. That also in dispute is a gravel driveway that crosses the property owned by [Cross–Appellants], that said driveway runs along [Appellants'] southern property border and runs from Stapleton Street in a generally easterly direction between residences situated on the separate properties owned by the parties to a structure in the disputed area described in paragraph 2, above, used in the past by the [Appellants] and their predecessors in interest as a garage.

. . . .

The court then ordered that Appellants

have a prescriptive easement for ingress and egress across the property owned by the [Cross–Appellants] described in paragraph 3,[2] above, said easement being an existing driveway running along the southern border of their property, from Stapleton Street generally east to the garage structure on the property owned by the [Appellants].

There is no legal description in the findings or the decretal part of the judgment, nor is there any exhibit or other evidence

1. The trial court found that Appellants had, by adverse possession, acquired title to a specifically described parcel of Cross–Appellants' land, which included the land upon which the shed and garage were situated. The propriety

of that finding has not been challenged on appeal.

2. Paragraph 3 is a legal description of the property awarded to Cross–Appellants.

in the record which provides an adequate legal description. As counsel for both parties candidly admitted at oral argument, no legal description of the driveway was introduced at trial. Neither of the surveys offered by Appellants and Cross–Appellants contains a description of the driveway. In fact, we had some difficulty locating any existing driveway on either survey. The plat contained no courses, distances, point of origin, point of termination, or designation of width. *See Turkey Mountain Airport v. Estate of Faler*, 82 S.W.3d 233, 234 (Mo.App. S.D.2002).

 As we noted in *Turkey Mountain:*

> In a quiet title action or suit over a roadway, the judgment must describe with reasonable certainty the real estate affected by the judgment. *Patterson v. Harrison*, 46 S.W.3d 580, 581[2] (Mo. App.2001); *Dillon v. Norfleet*, 813 S.W.2d 31, 32 (Mo.App.1991).
>
> . . . .
>
> Moreover, all parties to a lawsuit that affects real estate are entitled to have their respective titles and right-of-way privileges affirmatively adjudged and declared. *Patterson*, 46 S.W.3d at 582[4]. A judgment that fails to adjudicate title to all real estate in dispute, or fails to declare the rights of the respective parties to the areas in dispute, is not a final judgment. *Id.* at 582[5].
>
> This court has no jurisdiction unless the appeal is from a final judgment. *Id.* at 582. . . . An appellate court has a duty to examine its jurisdiction *sua sponte.*

82 S.W.3d at 235.

In the case at hand, the trial court's judgment before this court did not provide an adequate legal description of the prescriptive easement other than the "existing driveway." Neither party has protected privileges with respect to the easement so that the easement could be readily located.

The width or extent of the easement are not clear. Thus, the judgment here did not resolve all the issues before the trial court and there is no final judgment.

Without a final judgment, we have no jurisdiction. The appeal is dismissed.

SHRUM, J., and BATES, J., concur.

