**Mike TAYLOR, Sr. and Mike Taylor, Jr., d/b/a Sikeston Dry Cleaners and Laundry, Respondents,**

v.

**CAIN & VAUGHN ASSOCIATES, INC., d/b/a H & R Block, Appellants.**

No. 26136.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 14, 2004.

King E. Sidwell, Blanton, Rice, Sidwell, Nickell, Cozean & Collins, L.L.C., Sikeston, for appellants.

Stephen L. Taylor, Burns & Taylor, Sikeston, for respondents.

ROBERT S. BARNEY, Judge.

This is an appeal by Appellant Cain and Vaughn Associates, Inc., ("Appellant") from a judgment of the Circuit Court of Scott County in favor of Respondents Mike Taylor, Sr., and Mike Taylor, Jr., ("Respondents") quieting title by adverse possession and granting fee simple title to certain real property, which is described in the judgment as "[Respondents'] Exhibit '6' ". Additionally, in its judgment the circuit court also granted Respondents a prescriptive easement across this same land. Because the judgment does not describe the property involved with certainty, and the record is devoid of any exhibit or evidence which otherwise provides an adequate description of the land in question, we dismiss this appeal for lack of a final judgment and we remand the case to the circuit court.[1]

According to the record at trial, Appellant and Respondents own adjacent commercial properties in the "Matthews 3rd Edition" in the City of Sikeston, Missouri. Respondents' business is located on Lots 3 and 4 and Appellant's business is located on Lot 5 and a portion of Lot 6. The area at issue is an asphalt parking area and driveway located on the western portion of Appellant's Lot 5 and used by both parties.

On December 26, 2002, Respondents filed their first amended petition to quiet title to certain real property, described as "Lot 5, Matthews Third Addition, Sikeston, Scott County, Missouri," which, according to Respondents, is "allegedly" owned by Appellant. Count I of Respondents' petition sought to "Quiet Title By Adverse Possession". In Count II, Respondents sought "To Quiet Title Of Easement By Prescription", and to permanently enjoin Appellant "from obstructing the easement". Following a bench trial, the circuit court found that Respondents "met the statutory requirements to prove a claim for adverse possession pursuant to Section 516.010 RSMo", and that Respondents proved "by clear and convincing evidence that they are entitled to a prescriptive easement in the land described by [Respondents'] Exhibit '6'." This appeal followed.

 " 'In a quiet title action, the judgment must describe with reasonable cer-

---

1. We leave for another day the question of whether one who has been granted fee simple title by adverse possession can also be grant- ed a prescriptive easement across the same property that he owns.

tainty the real estate affected by the decree.'" *Patterson v. Harrison*, 46 S.W.3d 580, 581 (Mo.App.2001) (quoting *Anderson v. Howald*, 897 S.W.2d 176, 179 (Mo.App. 1995)). "[A]ll parties to a lawsuit that affects real estate are entitled to have their respective titles and right-of-way privileges affirmatively adjudged and declared." *Turkey Mountain Airport, Inc. v. Estate of Faler*, 82 S.W.3d 233, 235 (Mo.App.2002).

"'A reviewing court has a duty to determine its jurisdiction sua sponte.'" *In re Estate of Miller*, 9 S.W.3d 760, 763 (Mo.App.2000) (quoting *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997)). "A judgment that fails to adjudicate title to all real estate in dispute, or fails to declare the rights of the respective parties to the areas in dispute, is not a final judgment." *Turkey Mtn. Airport, Inc.*, 82 S.W.3d at 235.

Here, the trial court's judgment does not provide a description of the land involved with reasonable certainty in that the judgment only describes the real estate at issue as "the land described by [Respondent's] Exhibit '6'" and not by any type of proper legal description. Respondent's Exhibit "6" consists of a plat survey, which is marked Exhibit "1", and which shows Respondents' building, and adjoining grass and asphalt area, located on Lots 3 and 4, and merely outlines the boundaries of Lots 5 and 6. Attached with tape to the Exhibit "1" plat survey, is a yellow-colored, wedge-shaped piece of paper labeled Exhibit "6". This cone-shaped piece of paper is attached to that portion of the survey which bears the notation "Asphalt Driving Surface" and has the words "15 ft." written on it with arrows on both sides pointing to the left and right edges of the paper. "The plat contained no courses, distances, point of origin, point of termination, or designation of width" for the area indicated either by the terms "Asphalt Driving Surface" or the attached piece of paper. *Turkey Mtn. Airport, Inc.*, 82 S.W.3d at 234. Here, the judgment of the circuit court does not contain an adequate description of the property involved, "nor is there any exhibit or other evidence in the record that provides an adequate legal description." *Williams v. Jenkins*, 128 S.W.3d 183, 185–86 (Mo.App. 2004).

Even after scouring the record, and its numerous surveys and plat explanations, we are unable to find a consistent description of the land at issue. There was trial testimony that the disputed tract of land measured 32.2 feet in width on the north side and 42.2 feet in width on the south side. The yellow piece of paper denoted as Exhibit "6" has the handwritten notation of "15 ft." on one portion of it, but the piece of paper is distinctly non-proportional, making it uncertain as to whether fifteen feet is a consistent measurement for the east and west dimensions. Further, when Exhibit "6" was admitted into evidence, it was identified by Respondents' counsel as "the overlay of the—for the survey, the 15 feet." Additionally, Respondent Mike Taylor, Sr., testified that he thought he "had about eight and a half feet" of land between his building and Appellant's land.

While the parties themselves might be able to adequately locate the land covered by the prescriptive easement and the finding of adverse possession, a proper legal descriptions is, nevertheless, required for the benefit of "a later conveyance of the property by the [parties]." *Tripp v. Harryman*, 613 S.W.2d 943, 951 (Mo.App.1981).

There is no adequate legal description in the judgment setting out the land in question with certainty, nor is there any exhibit

or other evidence in the record that provides a legal description that describes the land with certainty. *See id.* The trial court's grant of an easement and fee simple title by adverse possession for "the land described by [Respondent's] Exhibit '6' " is "so wanting in descriptive detail as to be either void or unenforceable." *Allen v. Smith,* 375 S.W.2d 874, 883 (Mo.App. 1964).

■ Based on the fact that the judgment fails to adequately describe the affected real estate, the judgment did not resolve all of the issues before the trial court. *See Turkey Mountain Airport, Inc.,* 82 S.W.3d at 235. Accordingly, this Court has no jurisdiction to hear this appeal. Therefore, we dismiss the appeal and remand the case to the circuit court. *Id.* In doing so, the circuit court is expressly authorized to take such additional evidence and make such additional findings and orders as it sees fit and proper.

PARRISH, P.J. and BATES, C.J., concur.