**Leroy F. MAUNE, et al., Appellants,**

v.

**Harry Lee BESTE, et al., Respondents.**

**No. ED 91892.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 25, 2009.

Frank K. Carlson, Union, MO, for appellant.

Jonathan L. Downard, Union, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Leroy F. Maune and Margie A. Maune, individually, and Leroy Maune as trustee of the Leroy F. Maune revocable living trust and Margie Maune as trustee of the Margie A. Maune revocable living trust (collectively referred to herein as "plaintiffs") appeal the judgment of the trial court granting a prescriptive easement in favor of Harry Lee Beste, Dale Beste, Carol Williams, Connie Terschluse, and Mark Beste (collectively referred to herein as "defendants"). Plaintiffs claim the court erred granting the easement in favor of defendants because both properties were owned by the same person for a period of time during which the easement purportedly existed. Plaintiffs also argue the court failed to provide sufficient description of the easement or limitations on its use. We dismiss the appeal.

Plaintiffs filed a petition for injunctive relief and damages against defendants alleging defendants' illegal use of plaintiffs' property. Plaintiffs sought an order enjoining defendants from using plaintiffs' property and monetary damages for the trespass. Defendants filed an answer and counterclaim seeking to establish an easement by prescription in their favor over plaintiffs' property. The trial court entered judgment in favor of defendants, granting an easement by prescription. Plaintiffs filed a motion to vacate, reopen, correct, modify, alter or amend the judgment, which was not ruled upon by the court, deeming it denied pursuant to Missouri Supreme Court Rule 81.05[1]. Plaintiffs now appeal.

■ In their first point on appeal, plaintiffs claim the trial court erred in finding a prescriptive easement over plaintiffs' property existed since at least July 31, 1946, because both the dominant and servient estates were owned by the same person for a period during this time frame. However, in their second point on appeal, plaintiffs claim the court erred in its judgment because it was lacking sufficient descriptive detail to be enforceable. Plaintiffs argue the judgment fails to contain a legal or physical description of the bounds of the easement, and it does not contain any limitation regarding its use. Because our analysis of plaintiffs' second point on appeal is dispositive, we need not consider point one.

■ In a judgment affecting real estate, the parties are entitled to have their respective titles and privileges affirmatively determined and declared. *Taylor v. Cain & Vaughn Associates. Inc.,* 145 S.W.3d 899, 901 (Mo.App.2004). If the judgment fails to adjudicate title to all the real estate in dispute, or fails to declare the rights of the parties with respect to the areas in dispute, it is not a final judgment. *Id.*

In this case, the judgment does not contain any legal description of plaintiffs'

---

1. Rule 81.05 provides that if a party files a timely after-trial motion, the judgment becomes final ninety days from the date the motion was filed, "on which date all motions not ruled shall be deemed overruled...."

property, nor does the judgment provide any description as to the location of the prescriptive easement granted in favor of defendants. Moreover, the judgment fails to include any boundaries as to defendants' use of plaintiffs' property. While there are documents in the record before us that refer to legal descriptions of plaintiffs' property as well as a legal description of a previous temporary easement granted on plaintiffs' property, the trial court does not refer to these documents in its judgment. Instead, the trial court simply notes plaintiffs' property is located in Franklin County, Missouri and fronts State Highway A. The trial court finds an easement by prescription has existed over plaintiffs' property since at least July 31, 1946; however, the court does not provide any description of the location of this easement.

Although the parties may be able to locate the land covered by the easement, and the location of the easement itself, a proper legal description is required for the benefit of any later conveyance of the property. *Taylor,* 145 S.W.3d at 901. There is no legal description of plaintiffs' property, or of the easement granted by the trial court in the judgment. Although there may be evidence in the record from which the legal description could be determined, the trial court makes no mention of this evidence, nor does it incorporate it into the judgment as the legal description of the property or easement. Thus, the judgment is "so wanting in descriptive detail as to be either void or unenforceable." *Id.* at 902. (*quoting Allen v. Smith,* 375 S.W.2d 874, 883 (Mo.App.1964)). Because the judgment fails to adequately describe the affected property and the prescriptive easement granted over the property, the judgment failed to resolve all the issues before the trial court. *Id.* Thus, the judgment is not final, and we do not have jurisdiction to hear the appeal. *In re Marriage of Crow and Gilmore,* 103 S.W.3d 778, 780 (Mo. banc 2003); *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852 (Mo. banc 1997). As a result, the appeal is dismissed and the case is remanded to the trial court. The court is authorized to hear additional evidence and make additional findings and judgment accordingly.

The appeal is dismissed and the cause remanded for further proceedings in accordance with this opinion.

KENNETH M. ROMINES, C.J., and ROY L. RICHTER, J., concur.