An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JONG BEOM PARK, AN INDIVIDUAL,
Appellant,
vs.
BANK OF AMERICA, N.A., A NEVADA
ASSOCIATION,
Respondent.

No. 64387

**FILED**

SEP 0 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

When our preliminary review of the docketing statement and the NRAP 3(g) documents revealed a potential jurisdictional defect, we ordered appellant to show cause why this appeal should not be dismissed. Specifically, it appeared that claims against three defendants (Joseph Sabolboro, Yvonne Sabolboro, and Seven Hills Master Community Association) regarding title to real property remained pending below, and the order being appealed did not contain a certification under NRCP 54(b). Appellant timely responded to this court's order, arguing that the claims against these defendants were resolved by the appealed order and that the appealed order is appealable as an order denying an injunction.

But because the appealed order expressly granted respondent's motion to dismiss and Nationstar Mortgage LLC's joinder thereto, only, the order necessarily dismissed appellant's complaint only as to those defendants. *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 444, 874 P.2d 729, 733 (1994) (recognizing that this court determines the finality of an order by looking to what the order actually does). To the extent that appellant is suggesting that the district court docket entries suffice as a dismissal of all named defendants, this suggestion is without

SUPREME COURT
OF
NEVADA

(O) 1947A

14-28777

merit. *Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (indicating that only a written and filed order has any effect). Moreover, although the appealed order dismisses the complaint as to the named parties, it does not involve an injunction. We remain unconvinced that jurisdiction over this appeal is proper. *See, e.g., Turkey Mtn. Airport, Inc. v. Estate of Faler,* 82 S.W.3d 233, 235 (Mo. Ct. App. 2002) (explaining that a judgment in an action affecting real estate is not final and appealable until the rights of all the respective parties to the property are declared). Accordingly, as appellant failed to demonstrate jurisdiction, we conclude that dismissal of this appeal is warranted. Thus, we

ORDER this appeal DISMISSED.

_____ , J.
Hardesty

_____ , J.
Douglas

_____ , J.
Cherry

cc:   Hon. Michelle Leavitt, District Judge
      Kang & Associates PLLC
      Akerman LLP/Las Vegas
      Eighth District Court Clerk