

# Missouri Court of Appeals
## Southern District
### In Division

THOMAS BENZEN, et al., )
)
Respondents, )
) No. SD38761
vs. )
) FILED: September 4, 2025
)
JEFFREY B. WHEELER, et al., )
)
Appellants. )

### APPEAL FROM THE CIRCUIT COURT OF OZARK COUNTY

Honorable Raymond Gross, Judge

## AFFIRMED, AS MODIFIED BY THIS OPINION

A group of neighbors comprised of plaintiffs Thomas and Carol Benzen, plaintiffs Shaun and Sharmyla Schniedermeyer, and defendants Jeffrey and Esther Wheeler, sued one another on myriad grounds.[1] The Wheelers appeal the circuit court's resulting judgment following a bench trial, taking issue with its granting Plaintiffs an "easement by implication" across a portion of the Wheelers' property. In their three points, the Wheelers contend that the circuit court's implied easement grant was erroneous because (1) a claim for an implied easement "was not pled by

---

[1] We refer to the parties collectively by their surnames (when referring to *both* Benzens, *both* Schniedermeyers, or *both* Wheelers), and collectively as "Plaintiffs" (when referring to the Benzens *and* the Schniedermeyers), or individually by their forenames as convenient.

Plaintiffs, and was not mentioned by Plaintiffs or their counsel during the trial of this matter"; (2) "Plaintiffs did not meet their burden of proof as to at least one of the elements of such cause of action, as there was insufficient evidence to support a finding of 'reasonable necessity'"; and (3) "Plaintiffs did not offer at trial, and the judgment does not provide, a legal description for the location of the purported easement."  Because each of these points lack merit, the circuit court's judgment is affirmed as modified by this opinion.

## Standard of Review

This Court will affirm the circuit court's judgment in a court-tried case unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.  *Ivie v. Smith*, 439 S.W.3d 189, 198-99 (Mo. banc 2014).  All evidence and inferences are viewed in the light most favorable to the judgment and all contrary evidence and inferences are disregarded.  *Landers v. Sgouros*, 224 S.W.3d 651, 655 (Mo.App. 2007).  Issues of law are reviewed *de novo*.  *American Eagle Waste Industries, LLC v. St. Louis County*, 379 S.W.3d 813, 823 (Mo. banc 2012).  The judgment is presumed correct, and the appellant has the burden of demonstrating any error.  *Blaylock v. Clarida*, 987 S.W.2d 18, 21 (Mo.App. 1999).

## Background and Analysis[2]

---

[2] Per Missouri Court Rules (2024), which governs all rule references in this opinion, appellant briefs must include a concise preservation statement for each point relied on "describing whether the error was preserved for appellate review" and "if so, how it was preserved[.]"  Rule 84.04(e).  The Wheelers failed to comply with these requirements by not including a preservation statement for any of their points relied on.  This failure constitutes a basis for dismissal.  *Young v. Missouri Dep't of Soc. Servs.*, 647 S.W.3d 73, 78 (Mo.App. 2022).  We elect, however, to review the Wheelers' points *ex gratia*.  Because this was a court-tried case, the standard for preserving a claim of error is as provided in Rule 78.07(b), which generally requires only that the matter was presented to the circuit court. As is readily ascertainable from the legal file, the Wheelers filed a "Motion to Modify and Correct Judgment; or Alternatively, Motion to Vacate Judgment" and this motion presented the circuit court with the allegations of error that the Wheelers have reasserted in points 1 and 3 on appeal.  As for point 2, which contains a sufficiency of the evidence claim, "while the better practice is to preserve specific claims of error for review, arguments concerning sufficiency of the evidence, even those not preserved for appeal, are reviewed on the merits, not for plain error." *Interest of E.G.*, 683 S.W.3d 261, 268 (Mo. banc 2024).

2

*Point 1*

We begin by quoting a few of the findings of fact and conclusions of law from the circuit court's written judgment that set the stage for the Wheelers' appeal and are relevant to their first point:

> The parties all own land in Drury, Ozark County, Missouri. This area of Ozark County is rural and remote. All parties obtained title, directly or indirectly, from a common owner, Jill Champlin. Ms. Champlin obtained title from the Andersons who owned the land before her. Ms. Champlin subdivided the land and sold it in separate tracts, identified in Exhibit 1AA as Tract 1 (now owned by Plaintiffs Thomas and Carol Benzen), Tract 2 (now owned by Shaun and Sharmyla Schniedermeyer) and Tracts 4, 5 and the relevant parts of Tract 3 (now owned by Defendants Jeffrey and Esther Wheeler[)].
>
> When the Andersons owned all of this land, the property was served by roads that provided access to and use or enjoyment of most of the land. Ms. Champlin used or maintained these roads during her ownership and they were used by [the Benzens' predecessor in interest] and the Benzens after they purchased Tract 1, by the Schniedermeyers after they purchased Tract 2, and by the [Wheelers' predecessors in interest] and [the] Wheelers after they purchased Tracts 3, 4 and 5.
>
> . . . .
>
> **Roads**
>
> An easement may be established in a number of ways. An express easement is created by an agreement. An implied easement arises when land is subdivided and is necessary for the full use and enjoyment of the land severed by the prior owner. A prescriptive easement is recognized after adverse use over a sufficient period of time. A statutory easement, or easement by strict necessity, can be established when a landowner has no physical access to a public road and no other legally enforceable right to use a practicable way to get to a public road. It is [a] well-settled rule that where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part[,] which servitude at the time of the severance[] is in use and is reasonably necessary for the fair enjoyment of the other part of the estate, then upon a severance of the ownership, a grant of the right to continue such use arises by implication of law. The Court finds that both the Benzens and the Schniedermeyers enjoy an easement by implication across Jersey Lane to their respective tracts of land.

(Internal quotation marks and citation omitted.)

In their first point, which reasserts a claim they raised before the circuit court in their post-trial motion, the Wheelers contend that the circuit court erred in granting Plaintiffs an implied easement because Plaintiffs failed to plead such a cause of action. Essential to this contention is the principle that "a trial court cannot grant judgment on a cause of action not pleaded." *Allen Quarries, Inc. v. Auge*, 244 S.W.3d 781, 783 (Mo.App. 2008). For an implied easement cause of action, the Wheelers observe that each of the following elements must be pleaded:

> (1) unity and subsequent separation of title; (2) obvious benefit to the dominant estate and burden to the servient portion of the premises existing at the time of conveyance; (3) use of the premises by the common owner in their altered condition long enough before the conveyance and under such circumstances as to show that the change was intended to be permanent; and (4) reasonable necessity for the easement.

*Baetje v. Eisenbeis*, 296 S.W.3d 463, 467 (Mo.App. 2009) (internal quotation marks omitted). Of these elements, the Wheelers assert that the petition omits the fourth—reasonable necessity for the easement. As the verbiage of this element suggests, "reasonable, not absolute, necessity" is the requirement. *Post Hill Homeowners Assn. v. Kennell*, 39 S.W.3d 508, 514 (Mo.App. 2000) (internal quotation marks omitted).

We turn then to the petition, which the Wheelers observe "contains no less than three (3) counts relating to the alleged easement[.]" Those counts identified by the Wheelers are count X (denominated "QUIET TITLE AND DECLARATORY JUDGMENT AS TO EASEMENT FOR SHARED DRIVEWAY"), count XI (denominated "QUIET TITLE AND DECLARATORY JUDGMENT AS TO EASEMENT BY PRESCRIPTION FOR SHARED DRIVEWAY"), and count XII (denominated "QUIET TITLE AND DECLARATORY JUDGMENT AS TO EASEMENT BY NECESSITY FOR SHARED DRIVEWAY"). The Wheelers concede that

4

paragraph 129 of the petition, comprising part of count XII, specifically references "necessity" in the following manner:

> 129.    There has been and continues to be a necessity as the only useful access for an easement benefitting the Schniedermeyer Property and the Benzen Property for use of the Shared Driveway, in that the Benzens and Schniedermeyers have no other access to their respective properties that is practicable or useable for pulling trailers or large vehicles required in rural farm work, and because the Shared Driveway intersects with Ozark County Road 164, and the mailboxes of the parties and their predecessors in title have been located at the entrance to the Shared Driveway.

The Wheelers argue, however, that "[w]hile there is reference to 'necessity,' it was only in relation to the 'strict necessity' component of easement by necessity claim." The Wheelers then argue that "[t]here is no reference to 'reasonable necessity' within Plaintiffs' pleadings." These arguments fail for two reasons.

First, it appears the Wheelers assume that Plaintiffs, by labeling the relief sought in count XII as an "EASEMENT BY NECESSITY[,]" were seeking something similar to the "statutory easement, or easement by strict necessity" described by the circuit court. *See* section 228.342, RSMo 2016 (providing for the establishment or widening of a private road across the property of another where such private road would be "a way of strict necessity"). However, "the rule is well established in Missouri that the character of a cause of action is determined from the facts stated in the petition and not by the prayer or name given the action by the pleader." ***American Eagle Waste Industries, LLC***, 379 S.W.3d at 829. Thus, it is immaterial that Plaintiffs did not expressly denominate any of their counts as seeking an "EASEMENT BY IMPLICATION," or an "IMPLIED EASEMENT," or anything else along those lines.

Second, the Wheelers fail to direct us to any authority requiring that the exact phrase "reasonable necessity" be used to properly plead an implied easement claim. Rather, in reviewing a pleading's sufficiency, the general rule is that "[t]he Court reviews the petition to see

5

if the facts alleged, given their broadest intendment, meet the elements of a cause of action that is recognized or that might be adopted." ***Baldridge v. Kansas City Public Schools***, 552 S.W.3d 699, 716 (Mo.App. 2018) (internal quotation marks omitted). As already noted, Plaintiffs alleged that without "the Shared Driveway" they "have no other access to their respective properties that is practicable or useable for pulling trailers or large vehicles required in rural farm work[.]" This allegation resembles the facts in ***Buscher v. Buscher*** where a landowner sought an implied easement to use the gravel and dirt farm road that had always been used by the parties prior to the division of a larger family farm into separate properties. 620 S.W.3d 283, 286 (Mo.App. 2021). Without an easement for the use of this road (described as "the only currently viable access to [the landowner's] property"), the only alternatives involved "an impassable creek and natural obstacles like ravines that will not accommodate trucks, tractors, hay and other farm equipment." ***Id.*** at 291. Given these circumstances, the eastern district of this Court held that the easement sought "was 'reasonably necessary' to ensure [the landowner] the full beneficial use and enjoyment of his property." ***Id.*** at 292. It follows, therefore, that Plaintiffs' similar allegations, if proven at trial, would also satisfy the element of reasonable necessity. The Wheelers, therefore, have failed to demonstrate any reversible error on the basis of a failure by Plaintiffs to sufficiently plead an implied easement claim. Point 1 is denied.

### Point 2

Moving on to their second point, the Wheelers also challenge the adequacy of Plaintiffs' evidence at trial to show that the easement at issue is a reasonable necessity. Specifically, the Wheelers contend that there was "insufficient evidence" to support such a finding. "To be successful on their claim of insufficient evidence, [the Wheelers] are required to demonstrate that

6

the judgment was not supported by substantial evidence." ***Kansas City Live Block 125 Retail, LLC v. Bhakta***, 476 S.W.3d 326, 330 (Mo.App. 2015).

We turn, therefore, to the evidence adduced at trial beginning with the testimony from the Benzens regarding their property. Carol described two means of access to the property. The first means of access is a gravel road commonly known as Jersey Lane, which is the "Shared Driveway" described in the petition, that is located on the Wheelers' property and connects all of the parties' properties with Ozark County Road 164. Carol testified that she uses Jersey Lane "For heavy equipment and when the weather is real bad . . . ." The second means of access is Lazy Day Drive, which also connects with Ozark County Road 164 and is located entirely on the Benzens' property. Photographs admitted into evidence reveal that Lazy Day Drive is a dirt trail consisting of two parallel wheel ruts that has a "dip" along its route. Carol addressed this feature, stating, "When it's muddy, the way the dip is, when you try to go up the hill you spin out or it's just very difficult in muddy or icy or snowy weather." Carol then stated that the feature has a history of washing out. Asked if the washing-out issue was fixable, Carol responded, "It is fixable to where it doesn't wash out but it still doesn't make it easy for a long-wheel-based vehicle to get on it. Like if you had a truck and trailer, you couldn't make it up the hill without bottoming out." Carol then added, "And heavy equipment, you don't want to take it on there." Thomas' subsequent testimony was analogous: "You cannot get hay equipment, you cannot get construction equipment, in there. I upset my tractor right there."

As for the Schniedermeyers' property, Sharmyla testified that the property is only accessible by way of Jersey Lane. The Schniedermeyers attempted to build a driveway connecting their property to Ozark County Road 164 but could not complete the project. According to Sharmyla, "The property was rougher terrain than I expected and there was many

7

trees in the way and I did not know about how properly removing stumps and how much of an issue that can be, so that basically became a four-wheeler trail for a time." Sharmyla further testified that "it is very hilly and at one point on the drive you will come to -- it kind of tilts like this to the side." Sharmyla further described an incident where her mother attempted to use the driveway but, "in dry conditions, slid off into a tree on the side because of how steep that angle was and we had to pull her out." When Shaun testified, he agreed that the terrain was angled and added that there is "another spot that's washed out and every time it rains it just washes it out again."

This evidence is consistent with the allegations in Plaintiffs' petition. Thus, we are guided by the **Buscher** case, for the reasons discussed *supra*, where an implied easement was reasonably necessary because of similar terrain obstacles. *See* 620 S.W.3d at 291-92. We reject the Wheelers' only contrary argument where they rely on **Marshall v. Spangler**, 686 S.W.2d 8 (Mo.App. 1984), and assert that the alternative routes to Plaintiffs' properties could be fixed by putting down gravel, installing culverts, removing trees, and grading the landscape. In **Marshall**, the western district of this court affirmed the denial of an implied easement, noting that the alternative arrangements "would not be prohibitive." *Id.* at 12. Here, however, when asked if his attempted driveway could be fixed, Shaun's response was dismissive: "I mean, I guess with some explosives you could flatten land out, but then I'd have another complaint on me from the neighbors." Thomas was even more dismissive regarding the same could-that-be-fixed query as to Lazy Day Drive by stating, "Sure, if the Empire State Building can be moved." The circuit court could reasonably infer from this testimony and the other evidence presented that the cost and effort required to remediate the aforementioned terrain obstacles would, unlike the case in **Marshall**, be prohibitive. Point 2 is denied.

8

*Point 3*

In their third and only remaining point, which also reasserts a claim they raised before the circuit court in their post-trial motion, the Wheelers contend that Plaintiffs did not offer, and the judgment does not provide, a legal description for the implied easement granted by the circuit court. In their argument, the Wheelers identify the portion of the judgment, already quoted in this opinion, *supra*, where the circuit court stated, "The Court finds that both the Benzens and the Schniedermeyers enjoy an easement by implication across Jersey Lane to their respective tracts of land." The Wheelers then correctly observe that Jersey Lane "runs the entire length of the Schn[ie]dermeyers' western boundary, and a significant portion of the length of the Benzens' eastern boundary" and, yet, Plaintiffs only use a "fraction" of that length to reach "certain gates into their respective properties." Relying on the aforementioned judgment finding only, the Wheelers assert that the judgment fails to adequately describe the bounds of the implied easement granted Plaintiffs.

It is important to note that the sentence from the judgment that the Wheelers rely upon is not the only reference to Jersey Lane provided by the judgment. In the decretal portion of the judgment, the circuit court made the following additional references:

1. As to Count Ten ("X") of Plaintiffs' Second Amended Petition, Plaintiffs Thomas and Carol Benzen enjoy a non-exclusive easement appurtenant to their land (Warranty Deed dated March 7, 2019, Book 2019 Pages 333-334; see also Exhibits 4 and 1AA) over and across the road more commonly known as Jersey Lane. Exhibit 4 is attached hereto and incorporated herein by reference;

2. As to Count Ten ("X") of Plaintiffs' Second Amended petition, Plaintiffs Shaun and Sharmyla Schniedermeyer enjoy a non-exclusive easement appurtenant to their land (Warranty Deed dated June 24, 2016, Book 377 Page 1-3; see also Exhibits 5 and 1AA) over and across the road more commonly known as Jersey Lane. Exhibit 5 is attached hereto and incorporated herein by reference;

3. As to Count Eighteen ["XVIII"] of Plaintiff[s'] Second Amended Petition, Defendants Jeffrey Brian Wheeler and Esther Ann Wheeler are hereby

enjoined form obstructing or interfering with Plaintiffs' use, enjoyment or maintenance of Jersey Lane up to their respective private driveways[.]

In addition, the judgment attached and incorporated by reference Exhibit W, the warranty deed for the Wheelers' property, upon which Jersey Lane is located.

"In general, even when the parties to litigation may be able to locate an easement, a proper legal description is required for the benefit of any later conveyance of the property." *Romano v. Adams*, 691 S.W.3d 328, 338 (Mo.App. 2024) (internal quotation marks omitted). However, "less detail and precision should be and is demanded in describing and defining the route of a country road or way of access across a farm . . . than in fixing and limiting a driveway easement between city lots." *Allen v. Smith*, 375 S.W.2d 874, 883 (Mo.App. 1964) (internal citations omitted). "And the same detail and precision logically should not be, and usually is not, required with respect to the route of a long-established and well-defined road." *Id.*

Here, there is no dispute as to the location of Jersey Lane, upon which the implied easement at issue runs. The parties' warranty deeds that are attached to and incorporated by reference into the judgment contain the legal descriptions for all of the parties' land that is either benefited or burdened by the implied easement. Jersey Lane appears long-established and well-defined as the deeds reflect that the Wheelers' street address (225 Jersey Lane, Drury, MO 65638) and the Schniedermeyers' street address (58 Jersey Lane, Drury, MO 65638) are both located thereon. As such, the judgment contains all of the information necessary to determine the location of Jersey Lane. *Cf. Huter v. Birk*, 510 S.W.2d 177, 182 (Mo. 1974) (holding that a judgment describing "the easement as 'located at the site of the present road leading to Plaintiffs' farm over and across the lands presently owned by Defendants'[sic] with reference to defendants' land as described in their deed, described by date and record" sufficiently described

10

the easement where "the 'present road' is well-defined and reference to it is not to some vague track across appellants' land").

However, according to the Wheelers, the judgment fails to adequately specify the length of Jersey Lane upon which Plaintiffs are entitled to traverse. This argument ignores Exhibit 1AA, another document that the circuit court references in the decretal portion of the judgment in support of its easement ruling. Exhibit 1AA is a survey completed by Tom Barnard of Southern Missouri Surveying of the parties' properties that is appended to this opinion, *infra*. In pertinent part, Exhibit 1AA shows that from Ozark County Road 164, Jersey Lane runs roughly north for 335.2 feet at which point a gated fence runs across it blocking access to the remainder of the Wheelers' property. Consistent with the parties' testimony and photographs admitted into evidence at trial, Exhibit 1AA further shows the locations of the Benzens' and Schniedermeyers' "respective private driveways" referenced in the judgment, which intersect Jersey Lane roughly adjacent to but on the southern side of this gated fence.[3] This level of detail is sufficient to determine the length and extent of the implied easement in question. Furthermore, even though Exhibit 1AA was not attached to the judgment, "*Maune* teaches that referring to exhibits in the record is a sufficient way to incorporate those documents into the judgment." *Romano*, 691 S.W.3d at 339; *see also* *Maune v. Beste*, 292 S.W.3d 528, 530 (Mo.App. 2009). Point 3 is denied.

As a final matter regarding the circuit court's implied easement determination, we note that the only easement count that the judgment grants is Plaintiffs' count X. That count, however, depended on Plaintiffs' allegation that "[t]he predecessors in title to the respective

---

[3] The official survey depicted in Exhibit 1AA only shows the driveway going east from Jersey Lane to the Schniedermeyers' property. The driveway going west from Jersey Lane to the Benzens' property was hand drawn onto Exhibit 1AA by Carol during her testimony.

three properties acknowledged a written easement in favor of the predecessors of the Schniedermeyers and Benzens for use of the Shared Driveway for ingress and egress, which easement is reflected in a deed to the parties' predecessors in interest[.]" This allegation is consistent with a cause of action for an *express* easement and not the *implied* easement to which the circuit found Plaintiffs entitled. Regarding count XII, discussed *supra* and containing the allegations necessary to state a cause of action for an implied easement, the judgment makes no reference thereto other than to say "[a]ll other relief not granted is hereby denied." Accordingly, pursuant to Rule 84.14, we modify the circuit court's judgment by deleting references to "Count Ten ('X')" and inserting in their place "Count Twelve ('XII')." *See **Newbill v. Forrester-Gaffney***, 181 S.W.3d 114, 123 (Mo.App. 2005) (replacing a judgment's use of the term "prescriptive easement" with "easement by necessity").

## Decision

As so modified, the circuit court's judgment is affirmed.

BECKY J. WEST, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS

A Part of Section 1
T24N R13W
of the 5th P.M.
Ozark County, Missouri

BOUNDARY SURVEY